ALEXANDER W. STICKEL *et al.*

*v.*

ELLA C. CRANE *et al.*

*Opinion filed February 20, 1901.*

1. WILLS—*when legacies are a charge on real estate.* Although legacies are primarily payable out of the personal estate in the absence of an expressed intention to the contrary, yet if legacies are given generally, and the residue of the real and personal estate is given in one mass, the legacies are considered a charge upon the residuary real as well as personal property.

2. EXECUTORS AND ADMINISTRATORS—*when sale by executrix to herself is merely voidable.* Where the price accounted for by an executrix as the proceeds of a sale of lands to herself through a third party exceeds the reasonable value of the land, so that the estate gains instead of loses by the transaction, the sale is merely voidable, and may be ratified by the heirs.

3. SAME—*when decree setting aside sale from executrix to herself properly adjusts equities.* Upon setting aside a merely voidable conveyance from an executrix to herself, it is proper for the court to adjust the equities of the parties by requiring the complainants, the heirs, as a condition precedent to their right to partition the land, to account for the money paid and debts assumed by the executrix as the consideration for the conveyance.

4. HOMESTEAD—*deed from husband to wife not signed by her does not pass homestead.* A deed from husband to wife, not joined in by her, purporting to convey homestead property, passes title only to the excess in value over $1000; but as to the homestead estate the deed is absolutely void, though the conveyance is by general warranty deed for a valuable consideration, and is not binding upon the grantor or his heirs.

5. SAME—*effect where homestead estate is charged with legacy.* Where a homestead estate is attempted to be conveyed by a husband to his wife without her joining in the deed, and the husband subsequently charges his real estate with the payment of a legacy to the wife, the heirs of the testator are not entitled to have the homestead estate partitioned until the legacy has been paid.

APPEAL from the Circuit Court of Montgomery county; the Hon. S. L. DWIGHT, Judge, presiding.

On November 4, 1893, Joseph Stickel, of Montgomery county, this State, died testate, leaving the appellants, Alexander W. Stickel, John A. Stickel, Fletcher A. Stickel

and Nancy A. E. Seymour, and the appellee Ella C. Crane, an only child by his last wife, his only children, and his widow, Sarah Stickel, surviving him. On December 23, 1880, he executed his will, which after his death was duly admitted to probate in the county court of said county on November 13, 1893. It is as follows:

*Item first*—"I give and bequeath to my wife, Sarah Stickel, all my personal property, together with the sum of $3000, to be raised and paid as hereinafter directed.

*Item second*—"I give and bequeath to my wife, during her natural life, the residue of my property, of every class and character whatsoever, subject, however, to the qualifications hereinafter named.

*Item third*—"I give and bequeath to each of my children the sum of $50, (that is to say, to Fletcher A. Stickel, Nancy A. E. Seymour, John A. Stickel, Alexander W. Stickel and Ella C. Stickel,) to be raised and paid as conditions and limitations herein directed.

*Item fourth*—"I authorize and empower my executrix hereinafter appointed to sell and convey, or not to sell, at her discretion, any or all my real estate at such time or times, publicly or privately, and on such terms, as she may deem best for my estate; and out of the proceeds of my real estate, if sold, I direct my executrix to pay, first, the sums devised to my said children, and secondly, the sum of $3000 devised to my said wife in the first item of this will. The residue of the net proceeds of the sale of my real estate, all my debts and funeral expenses being paid by my executrix, I direct my said executrix to invest safely, as may be, and pay over to my said wife the annual proceeds thereof, less what may be needed to pay off all taxes and legal assessments and expenses of the management of my estate. At the death of my wife I desire that such of my real estate as remains undisposed of, and the proceeds of the sale of such real estate as may have been sold, shall descend to my children herein named, or their descendants, share and share alike, the

descendants taking the share their parents would have taking if living."

The widow, Sarah Stickel, was named executrix of the will, and at the date of its probate duly qualified as such. She performed the duties of her trust under the will, paying all the debts of the estate, and all the legacies except a balance of $1000.86 of the $3000 bequeathed to her, and on May 2, 1896, was duly discharged by the probate court of said Montgomery county. On April 25, 1898, she died, and her daughter, Ella C. Crane, was appointed administratrix of her estate.

At the death of Joseph Stickel he owned the north half of the north-west quarter, the north-east quarter of the north-east quarter and the south half of the north-west quarter of section 25, township 9, range 4, in said county, the said south half of the north-west quarter being subject to a mortgage in favor of the Ætna Life Insurance Company, dated January 29, 1876, for $1000, and also a mortgage in favor of one Edward T. Oliver, dated January 10, 1890, for $1500. On January 5, 1887, he also owned the west half of the north-east quarter of said section, which he occupied as a homestead, to which, on that day, he executed and delivered to his then wife, Sarah Stickel, a general warranty deed, but she did not join in its execution. On April 13, 1896, Sarah Stickel, as executrix, conveyed by warranty deed to Alexander A. Cress all of the above mentioned lands except the homestead, the consideration named in the deed being $6450, and on the next day said Cress, by quit-claim deed, re-conveyed to her the same premises, the same consideration being named. Both of these deeds were recorded May 1 following their execution. No money was in fact passed in either of these conveyances, the conveyance, in effect, being from the executrix to herself.

The original bill in this cause set up the foregoing facts, and prayed that said conveyances, and also that of the homestead, be set aside and the lands partitioned

among all the children of Joseph Stickel. It appears
from the answer of Ella C. Crane,—she and her husband
being the only defendants to the original bill,—that the
said south half of the north-west quarter of section 25
was at the death of Joseph Stickel encumbered by the
two mortgages above described; that Sarah Stickel, as
executrix of her deceased husband, on April 6, 1896, made
her report to the county court of Montgomery county, in
which she charged herself with $435.41 assets and took
credit for $806.35 paid on liabilities; that by her final re-
port, dated May 2, 1896, she charged herself with $6450,
proceeds of sale of the land, taking credit for $370.94 bal-
ance due her from her last report,—that is, of April 6,
1896; for the legacies paid to children, $250,—that is, $50
to each,—as provided in the will; on claim in favor of
herself, $1262.79; on mortgage assumed, $1534.09, and on
the other mortgage, $1019.64; on costs, $12.50, and on
legacy to herself, $1999.14,—total credits $6450, leaving
a balance due her on legacy of $1000.86. The answer ad-
mits the conveyance of the homestead without the wife
joining therein, as alleged in the bill. She also claimed
by her answer that the complainants were estopped to
have partition as prayed in their bill, each having re-
ceived and still retaining his said $50 legacy. Thereupon
the complainants amended their bill, bringing into court
the said $50 received by each and offering to account for
the same as the court might direct. They also set up,
by further amendment, that the said Sarah Stickel had
promised them, in consideration of their refraining to
bring suit to set aside the deeds, that she would make a
will dividing all the premises equally among all the chil-
dren. To this amendment appellee Ella C. Crane filed her
answer, denying that any such promise was made and
setting up the Statute of Frauds.

By leave of the court Ella C. Crane, as administratrix
of the estate of her mother, filed an intervening petition,
showing that there was yet due to her mother's estate

on the legacy before mentioned, $1000.86, with interest, as shown by her final report as administratrix. Guy C. Lane, as administrator *de bonis non* of the estate of Joseph Stickel, then filed a cross-bill, setting up that the conveyance of the homestead to the wife, before mentioned, was ineffectual to convey the homestead to the extent of $1000, praying that commissioners be appointed to set off the homestead, and asking for an order to sell the part so to be set off, as newly discovered assets, and apply it to the payment of the balance due the estate of Sarah Stickel.

Upon the original complainants filing answers to the intervening petition and the cross-bill, and the taking of testimony, the court entered a decree finding that the conveyances between Sarah Stickel and Alexander A. Cress were merely colorable and voidable, and that no money passed between the parties to the conveyances; that the consideration for the conveyance of the homestead to the wife was that the wife should sign certain mortgages, and that it is binding upon him and his heirs; that there is still due the estate of Sarah Stickel $1000.86 on her legacy, but that there is no estate out of which said sum can be realized; that the homestead was not passed to the wife by the attempted conveyance thereof, "but both being dead and their children over twenty-one years of age the homestead has passed out of existence, and said Joseph Stickel having conveyed said land by general warranty deed for a valuable consideration, the covenants of said deed are binding on the said Joseph Stickel and his heirs, so far as assets of the estate of Joseph Stickel may descend to them; and the court finds that the liabilities on the covenants of said deed are equal to the value of the assets that would descend to the heirs of said Joseph Stickel, as if said deed to the homestead had never been made, and to avoid circuity of action, the parties being all before the court, the one is hereby set off against the other, and the court finds com-

plainants have no interest, right or title to said eighty acres or no right to partition the same." The decree dismisses the bill of Lane, administrator *de bonis non,* and orders that the deed from Sarah Stickel to Cress, and the deed back to her, be canceled; that the sum of $6450 paid by Sarah Stickel on debts of Joseph Stickel be made a lien on all the real estate of which he died seized, and directs, in effect, that if the original complainants will pay to Ella C. Crane, she being the sole heir of her mother, Sarah Stickel, $5160, (being four-fifths of the whole sum paid or assumed by the latter when she purchased the lands,) then that the Cress deeds be set aside and partition awarded as prayed in the original bill; that in default of complainants' paying this sum, it is ordered that the lands be sold to satisfy the whole sum of $6450 decreed to be a lien on the premises, and if the lands be sold for more than that sum, that the excess be divided among the heirs; that if the highest bid be only that sum, or less, the lands be struck off to defendant Ella C. Crane, and if the lands fail to bring $6450, that the complainants pay costs, etc.

MILLER & MILLER, and PATTON, HAMILTON & PATTON, for appellants.

LANE & COOPER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

By item 1 of the will of Joseph Stickel his wife is given all the personal property, together with a legacy of $3000, the latter, together with certain other legacies to his children, to be raised in a manner thereinafter pointed out. Item 4 authorizes the executrix "to sell and convey, or not to sell, at her discretion," any or all of the real estate, at such time or times, publicly or privately, and on such terms, as she may deem best for the estate, and out of the proceeds of the sale, if the lands are sold,

she is directed to pay, first, the legacies of $50 each to the children, and second, the legacy of $3000 to herself, the residue of the proceeds, after the payment of certain charges, to be safely invested.

It is contended by appellants that the will vests in the executrix only a discretionary power to sell, or not, as she shall elect, and that she having failed to validly exercise this power of sale, therefore at her death the power became extinguished and the lands descended to the heirs generally, relieved from the legacies. On the other hand, appellees contend the legacies to the wife and children were vested and at once became a charge upon all the testator's real estate, and that they remained a charge or lien upon the real estate until satisfied, without reference to whether the wife of the testator elected to sell the lands or not,—and this latter position we think must be sustained. It cannot be said the language of this will vests in the executrix a mere option or discretion to pay legacies, or not. The most that can be said is, that it gives her a wide range for the exercise of her power over the lands, the intention in the mind of the testator, as is apparent from several expressions contained in his will, being to provide for the safe investment of the funds of the estate arising from the sale of lands and have the assets handled in a manner conducive to the best interests of the estate. The gift of the legacies in the first and third items is absolute, and to construe the subsequent part of the will as making it optional with the executrix as to whether the legacies shall be paid or not would not be in harmony with the gifts previously made,—or, in other words, such a construction would render the former part of the will meaningless. Moreover, the concluding paragraph of the will is of controlling importance and leaves no doubt as to the intention of the testator. It is as follows: "At the death of my wife I desire that such of my real estate as remains undisposed of, and the proceeds of the sale of such real

estate as may have been sold, shall descend to my children herein named, or their descendants," etc.   It will be remembered that in the first item all the personal estate of the testator was exhausted by the gift of it to the wife, and now the language of this clause undertakes to dispose of whatever remains of the real estate.   By the language "undisposed of" is simply meant the residue, and it is apparent that the rights of "the descendants" are intended to attach only to this residue.   And this residue clearly means what remains after all bequests and legacies are satisfied.

Although, in the absence of an expressed intention to the contrary, legacies are payable primarily out of the personal estate, yet it is a rule of property, both in England and most of the courts of this country, that if legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are considered a charge on the residuary real as well as personal property.   (*Lewis* v. *Darling,* 16 How. 1; *Smith* v. *Fellows,* 131 Mass. 20; *Wilcox* v. *Wilcox,* 13 Allen, 252; see, also, cases cited in 13 Am. & Eng. Ency. of Law, 117.)   The principle upon which this rule is based is, that the whole is considered as one mass; that part of that mass is represented by legacies, and that "what is afterwards given is minus what has been before given, and therefore given subject to the prior gift."   (*Greville* v. *Brown,* 7 H. L. Cas. 697.)   The gift of the residue, in this case, it is true, has reference only to the real estate; but the foregoing principle is applicable,—that is, that a gift of a residue, or of whatever remains "undisposed of," contemplates prior gifts, and the persons taking such residue take it only after the prior gifts have been satisfied, the language plainly charging the gift upon the lands.

Being a charge upon the lands of Joseph Stickel, the legacies remain a lien until satisfied, without reference to whether the executrix appointed under the will dis-

charged them or not. As before stated, she undertook to exercise her power under the will by selling all the lands of the estate except the homestead tract, by making a conveyance to one Cress, who immediately conveyed the land back to her, individually. Complainants attack the validity of this conveyance upon the ground that it was, in effect, a conveyance from the executrix to herself, and was therefore void. From the evidence it appears that the price received or accounted for by the executrix was in excess of the reasonable value of the lands sold, and the estate which she represented not only suffered no loss but actually gained by the transaction. A conveyance of this character is not void, but is only voidable, and may be ratified by the parties interested. (*Sloan* v. *Graham*, 85 Ill. 26; *Ebelmesser* v. *Ebelmesser*, 99 id. 541.) After making this sale, in the course of her administration of the estate the executrix made her final report to the court on May 2, 1896, setting forth the manner of the sale and the application of the proceeds, at which time it must be presumed the parties in interest were before the court and had an opportunity to object to the proceedings if they so desired. No objection appears to have been made, but, on the other hand, the complainants accepted a part of the funds realized from this sale in payment of the legacies to them of $50 each. These facts, and the further consideration that this bill is purely a collateral attack upon the order of the county court approving that sale, would have justified the chancellor in refusing to disturb the conveyance to Mrs. Stickel. However, the court below has set aside this conveyance upon conditions, and the appellees have filed no cross-errors, but are presumably satisfied with the decree as it stands. The decree requires complainants, if they desire to subject the land to partition, to account to the estate of Sarah Stickel for the money paid by her and the debts assumed by her when the conveyance was made. It would be manifestly unjust and inequitable

to permit them to take the real estate notwithstanding these deeds, and at the same time refuse to pay the money which was realized from that sale. The transaction by which the widow became the purchaser of the lands being not absolutely void, but voidable, it was the duty of the court, upon setting it aside, to adjust the equities between the parties,—and this, we think, it has fairly done. Therefore appellants have no just grounds for complaint as to that part of the decree.

This view disposes of all the questions arising upon the record except as to the conveyance of the homestead. There is no ground, under the evidence, for the contention that this deed was obtained by undue influence on the part of the wife, and that question will receive no further consideration.

Where a husband conveys a homestead to his wife without the latter joining in the conveyance, such deed does not convey the homestead to the extent of $1000 in value, but is a good conveyance to all property described therein in excess of the homestead of the value of $1000. This well settled proposition is not denied by counsel, but it is contended, and so decided by the court below, that Joseph Stickel having conveyed the land by general warranty deed, for a valuable consideration, the covenants of the deed are binding upon his heirs so far as assets from his estate may descend to them. Such a deed being absolutely void as to the homestead, how can it be said its covenants are binding upon the parties with respect to the lands included within the homestead? The same contention was made in *Anderson* v. *Smith*, 159 Ill. 93, but without avail. There is not a failure of title in the grantor, as is usually understood when there is a breach of such a covenant, but there is a failure because the attempt is to do an act which the law will not permit to be done. All interest or title remains as though no deed had ever been made,—that is, the title remains in the grantor subject to the character of homestead and

descends to the heirs-at-law. (*Donahoe* v. *Chicago Cricket Club*, 177 Ill. 351, and cases cited.) The deed being wholly inoperative to affect or pass the title to the homestead tract of the value of $1000, it remained in Joseph Stickel, and upon his death descended to his heirs subject to the provisions of his will. The legacies, as we have seen, being vested and attaching to the real estate, it must follow that this one thousand dollars' worth of land could only go to the heirs or devisees, under the will, after the payment of the legacies, and as $1000 of the legacy to the wife has never been paid, and descended to her daughter, Ella C. Crane, as her only heir, it remains a lien upon that homestead. Upon proper pleadings in the court below it will be partitioned only after the payment of that balance in favor of the estate of Sarah Stickel. To accomplish this purpose and protect the rights of all parties no administration *de bonis non* of the estate of Joseph Stickel was necessary. Nor can it be properly said that this thousand-dollar homestead is subsequently discovered assets, and therefore there was no error in the decree in the dismissal of the cross-bill of the administrator *de bonis non*. If defendant Ella C. Crane has not, by her answer, set up her claim to a lien upon the homestead for the satisfaction of the balance of the legacy due her mother, that answer may be properly amended· so as to do so on the remandment of the cause.

The conclusion is, that the decree of the circuit court as to all of the lands except the thousand-dollar homestead tract will be affirmed, and as to the latter it will be reversed and the cause remanded, with leave to the parties to amend the pleadings, and for further proceedings not inconsistent with the views herein expressed.

*Affirmed in part, reversed in part and remanded.*