## William F. Mayer v. Mary L. C. C. Schneider, Administratrix.

### Gen. No. 4,518.

1.  EXECUTRIX—*when purchase by, though constructively fraudulent, will not be relieved against.* Where an executrix purchased (through a circuitous route) at her own sale, no relief will be awarded where such sale was, with full knowledge, ratified by the only person having a right to object; the heirs of such ratifying person have no greater rights than she would have had if living.

Contest in court of probate. Appeal from the Circuit Court of La-Salle County; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed August 1, 1905.

JOHN F. HAAS, for appellant.

H. M. KELLY, for appellee.

MR. PRESIDING JUSTICE VICKERS delivered the opinion of the court.

Christina B. Schneider died in the year 1899, leaving a will of which Mary L. C. C. Schneider was executrix. Her beneficiaries were her two daughters, Mary and Bertha, both of whom were adults. No other person appears to have had any interest in the estate. Among the assets of the estate was a retail cigar and tobacco store located in the city of Ottawa. By agreement of the two sisters Mary bought the store at the appraised value of $989.05. The parties were advised that Mary could not purchase the store herself on account of her being the executrix, and in order to avoid this objection a pretended sale was made by Mary to Bertha and by Bertha back to Mary for the price of $989.05 and Mary thereafter conducted the business as owner. The transaction was reported to the County Court and duly approved. Bertha Schneider died testate leaving Mary her sister, and William F. Mayer a half-brother, as her heirs. Mary was appointed administratrix of Bertha's estate and filed an inventory in which she listed the real

Mayer v. Schneider.

estate and the balance due Bertha out of the personal assets of the estate of her mother. Appellant, the half-brother, filed exceptions in the County Court, which were overruled and the inventory approved. Upon an appeal to the Circuit Court the exceptions were again overruled and Mayer appeals and urges a reversal of the order approving the inventory on the grounds that the court should have compelled the administratrix to inventory the $989.05 as the value of the stock of goods sold, as appellant claims, to Bertha Schneider. Appellant claims that since appellee made the sale to Bertha and had the same approved by the County Court, she is now estopped to claim that appellee was in fact the purchaser of the stock and that title must be held to have been in the deceased sister and should therefore be included in the inventory. The position of appellant is precisely the same with respect to these transactions, as the deceased would be were she living. Bertha Schneider being of full age had power and control over her property, and could, therefore, make any disposition of it she saw proper and her heirs cannot complain even though their shares in the estate were reduced thereby.

While the sale by the executrix to herself, even though made by the circuitous method here employed, is constructively fraudulent, still it was participated in and ratified by the deceased and her acts are binding on appellant. Stickel v. Crane, 189 Ill. 211; Mason v. Odum, 210 Id. 471.

At the time appellee took this stock she accounted for one-half of it at the price fixed to her sister Bertha, who appears to have been entirely satisfied with the arrangement; this being true appellant has no just grounds to complain.

The judgment is affirmed.

*Affirmed.*