(No. 12125.—Reversed and remanded.)

EDWARD SPATZ, Appellant, *vs.* HENRY J. PAULUS *et al.* Appellees.

*Opinion filed October 21, 1918.*

1. WILLS—*when remainder is contingent.* A devise of a life estate to each of the testator's children, with remainder to his or her lineal descendants who shall survive the life tenant, creates a contingent remainder.

2. SAME—*all parts of will must be considered.* The intention of the testator is to be ascertained from a consideration of the will in all of its parts and details, bearing in mind the scope and plan of the testator as expressed by the whole will.

3. SAME—*what clause of will makes all remainders contingent.* Where the remainders created by five clauses in a will are to the surviving lineal descendants of the different life tenants, a clause providing that if any of the life tenants shall die without leaving lineal descendants living at his or her death then the real estate given to such life tenant shall vest in the testator's lineal descendants must be held to apply to all the devises to life tenants, including two clauses in which the remainder-men are merely designated as the lineal descendants of the life tenant, and makes all such remainders contingent.

4. SAME—*rule as to destruction of a contingent remainder by merger.* Where there is a life estate created by will with a contingent remainder to take effect at the termination of the life estate, a conveyance of the life estate by the life tenant and of the reversion by the heirs-at-law to the same person, either mediately or immediately, destroys the contingent remainder and vests the fee simple title in the grantee.

5. SAME—*language relied upon to cut down a fee simple title must be clear.* While a fee simple title devised by will may be qualified or cut down by subsequent language in the will, yet such language must be clear and unequivocal.

6. SAME—*what language cannot be relied upon to cut down fee.*
Where a will creates a power in certain devisees to convey a fee
to another devisee, a subsequent provision that the grantee shall
hold the title on the same terms and conditions and for the same
time as the real estate received by said grantee under the will can
not be relied upon to cut down the fee conveyed to her in pursuance
of the power, where the will by different clauses gives such grantee
certain real estate for life and other real estate in fee.

APPEAL from the Circuit Court of Logan county; the
Hon. T. M. HARRIS, Judge, presiding.

COVEY & WOODS, for appellant.

A. D. CADWALLADER, guardian *ad litem.*

Mr. JUSTICE COOKE delivered the opinion of the court:

On April 20, 1916, Charles Paulus, a resident of Logan
county, Illinois, died testate owning about 1000 acres of
land, and his will was thereafter admitted to probate by
the county court of Logan county. He left him surviv-
ing four children, Hermina M. Baker, Louis Paulus, Henry
Paulus and Nettie E. Wilmert, who were his only heirs-at-
law. The first clause of his will provided for the payment
of his debts and funeral expenses. By the second clause he
bequeathed his household furniture to his daughter Nettie
E. Paulus, now Nettie E. Wilmert. By the third, fourth,
fifth and sixth clauses he devised to each of his children,
respectively, certain real estate for life with remainder to
the lineal descendants of such child living at the termination
of the life estate. The phraseology of each of these clauses
is practically the same. The fifth clause, which is the one
particularly involved in this case, is as follows:

"*Fifth*—I give and devise to my beloved son Henry J.
Paulus the following described real estate, to-wit: (Here
follows description of real estate.) To have and to hold
for the period of his natural life, and after his death I
give and devise the remainder in the same to all the lineal

descendants he may leave living at his death, *per stirpes* in fee."

By the seventh clause certain other real estate was devised to the testator's daughter Nettie E. Paulus for life with remainder to all lineal descendants left by her at the time of her death, but with the provision that she might dispose of the fee and re-invest the proceeds in other real estate, taking title in herself for life, "with the remainder in her lineal descendants *per stirpes* in fee, and in default of lineal descendants living at her death, remainder *per stirpes* in fee to my lineal descendants." The eighth and ninth clauses are as follows:

"*Eighth*—I give and devise to my children Louis W. Paulus, Henry J. Paulus and Hermina M. Baker, as tenants in common, in equal shares, all of my real estate lying and being in section three (3), in township twenty (20), north, and range three (3), west of the third P. M., in said Logan county, containing seventy-three (73) acres, more or less, to have and to hold to them for their several lives, remainder in the same to their lineal descendants *per stirpes* in fee. If any of my children mentioned in this paragraph wishes so to do, he or she may sell his or her interest in the real estate mentioned in this paragraph to any other of my children mentioned in this paragraph and shall have power to make deeds conveying the fee thereof, but the conveyance shall convey the title to the grantee, to be held on the same terms and conditions and for the same time as the real estate received by said grantee, in my real estate by this will.

"*Ninth*—If any of my children shall die without leaving lineal descendants or descendant living at his or her death, it is my will that the real estate given to such an one so dying shall after his or her death vest in all my lineal descendants *per stirpes* in fee."

By the tenth clause certain real estate was devised to the testator's four children as tenants in common, in equal shares, in fee simple. The eleventh clause is as follows:

"*Eleventh*—All the remainder of my estate, real, personal and mixed, I give, bequeath and devise to my said four children in equal shares, the real estate for life, remainder to the lineal descendant or descendants of each child in fee simple *per stirpes,* and the personal property in fee simple to each of my children. Provided if any of my children shall wish to do so, he or she may sell and convey in fee simple his or her interest in any real estate included in this paragraph on the same terms and conditions as to grantor and grantee as mentioned in paragraph 8 of this will as to the real estate mentioned in said paragraph 8."

By the twelfth clause the testator authorized the executors to sell certain real estate if necessary to pay debts. By the thirteenth and last clause of the will the testator's sons, Louis W. Paulus and Henry J. Paulus, were nominated executors.

The testator executed two codicils to his will, but it is not necessary to notice the provisions of the codicils in determining the questions presented for decision.

At the time of the death of Charles Paulus each of his children had descendants, who are still living.

On December 13, 1917, Louis W. Paulus and Henry J. Paulus executed and delivered to Hermina M. Baker a deed purporting to convey to her an undivided two-thirds interest in a portion of the real estate described in the eighth clause of the will. This deed contained the following recital: "Whereas Charles Paulus, late of Logan county, Illinois, died leaving a last will and testament recorded in the county court of said county and being seized of the premises hereinafter mentioned, devised the same to his children Louis W. Paulus, Henry J. Paulus and Hermina M. Baker, as tenants in common, in equal shares, for their several lives with remainder over, and provided that any of said children could sell his or her interest in said real estate to any other of said children and should have the power to make deeds

conveying the fee thereof, and further prescribed that the grantee should hold the title on certain terms and conditions." It also contained the following provision: "It being the intention hereby to convey the entire fee simple title, to be held, owned and possessed on the terms and conditions and time as prescribed in the said will of said Charles Paulus, deceased."

On the following day, December 14, 1917, Hermina M. Baker and her husband executed and delivered to Edward Spatz a deed purporting to convey to Spatz the same property described in the foregoing deed. This deed contained the following provision: "It is the intention to hereby convey all interests and estates owned by the grantors in the premises aforesaid, and that the particular estate for life shall merge in the reversion in fee and the grantees herein as to such become vested with an estate in fee in possession and all contingent interests destroyed."

On the same day, December 14, 1917, Henry J. Paulus executed and delivered to Edward Spatz a warranty deed conveying to Spatz a life estate for the life of the grantor in certain of the real estate described in the fifth clause of the will. This deed contained the following provision: "It is the intention of the parties hereto that if the grantee herein acquires the reversion in fee in and to said premises, then in that event the life estate hereby conveyed shall merge in the said reversion in fee and be extinguished and prematurely destroyed and the grantee herein be vested at once with the legal estate in fee in possession in and to said lands, and that any contingent future interests in any lineal descendants of said Henry J. Paulus or of said Charles Paulus, deceased, or any other contingent interests of any kind or character, shall be destroyed, including all contingent future interests in anyone or of any kind."

On the same day Henry J. Paulus, Louis W. Paulus, Hermina M. Baker and Nettie E. Wilmert executed and delivered to Benjamin Myers a warranty deed conveying to

Myers "all of the reversion in fee and all estates therein
owned, held or possessed by us as heirs-at-law of the said
Charles Paulus, deceased, in and to" the real estate de-
scribed in the foregoing deed from Henry J. Paulus to Ed-
ward Spatz. This deed contained the following provision:
"It is the intention of the parties hereto that if the estate
in reversion hereby conveyed and the life estate now out-
standing in the said property shall meet, come together or
be vested in the same person, that said life estate shall
merge in said reversion in fee and be extinguished and
prematurely destroyed and any and all contingent future
interests in the said lands, of any kind or character or held
by anyone, shall be destroyed."

On the following day, December 15, 1917, Hermina
M. Baker, Nettie E. Wilmert and Louis W. Paulus each
executed and delivered to Henry J. Paulus a deed purport-
ing to convey to him "an undivided one-fourth interest in
fee in all the reversion in fee passing under the residuary
clause of said will of Charles Paulus, deceased, in and to"
the real estate described in the foregoing deed from Henry
J. Paulus to Edward Spatz.

Each of these deeds contained the following recitals:
"Whereas Charles Paulus, of Logan county, Illinois, being
seized of the premises hereinafter described, died testate and
devised a life estate in said premises to Henry J. Paulus,
of Logan county, Illinois, with contingent remainders after
said life estate; and whereas it is claimed the reversion in
fee in and to said premises passed or may have passed un-
der the residuary clause in the will of said Charles Paulus,
deceased, (which said will is recorded in the county court of
Logan county, Illinois;) and whereas said Charles Paulus
left surviving him Henry J. Paulus, Louis W. Paulus, Her-
mina M. Baker and Nettie E. Wilmert his sole children and
residuary devisees, under the eleventh clause of his said
will giving to his said children, and each of them, the power
to sell and convey the entire fee simple title in and to any

real estate passing under the residuary clause of said will.
* * * It being the intention hereby to convey an undi-
vided one-fourth interest in all of the fee simple title to
said reversion in fee (passing under said residuary clause)
to be held, owned and possessed on the terms, conditions
and time as prescribed in said will."

On the same day, December 15, 1917, Henry J. Paulus
executed and delivered to Louis W. Paulus a similar deed
containing the same recitals. On the same day Louis W.
Paulus executed and delivered to Benjamin Myers a deed
purporting to convey to Myers "all of the estate for life
of the grantor herein in an undivided one-fourth interest
in the reversion in fee in and to" the real estate described
in the foregoing deed from Henry J. Paulus to Edward
Spatz, and also "all the reversion in fee in an undivided
one-fourth interest in the reversion in fee in and to the
aforesaid premises." This deed contained the following
provisions: "It being the intention hereby to convey all
the interests and estates in the reversion in fee in said prem-
ises which were acquired by the grantor herein under and
by virtue of the power of appointment given under the
eleventh clause of the will of Charles Paulus, deceased, late
of Logan county, Illinois, and which said power of appoint-
ment has been heretofore exercised by Henry J. Paulus, one
of the residuary devisees, in favor of the grantor herein.
* * * It is the intention of the parties hereto that the
particular estate for life in the reversion in fee hereby con-
veyed and the fee simple title to the reversion in fee hereby
conveyed shall in the hands of the grantee herein merge
and the particular estate be prematurely destroyed and all
contingent future interests in and to said reversion in fee
of any kind or character, or in any person, be destroyed."
On the same day Henry J. Paulus executed and delivered
to Benjamin Myers a deed identically the same as the deed
last mentioned, except it purported to convey to Myers an
undivided three-fourths interest in the premises.

Thereafter, on December 17, 1917, Benjamin Myers executed and delivered to Edward Spatz a deed purporting to convey "the entire reversion in fee in and to" the premises described in the foregoing deed from Henry J. Paulus to Spatz. This deed contained the following provision: "It being the intention hereby to convey the fee simple title to the reversion in fee of said premises. It being further the intention that the life estate in said premises now owned by the grantee herein shall merge in the reversion in fee hereby conveyed and be prematurely destroyed, and that the grantee herein be vested at once with the legal estate in fee in possession in and to said property, and that any contingent future interests in and to said lands in any lineal descendants of Charles Paulus, deceased, or his children, and any other contingent interests of any kind or character or in any person, shall be destroyed."

On December 19, 1917, Edward Spatz conveyed and quit-claimed to Henry J. Paulus an undivided one-half interest in all the real estate described in the various deeds hereinbefore mentioned. On the same day Elsa Barry, one of the children of Louis W. Paulus, executed and delivered to Robert Barry a warranty deed purporting to convey to Barry "an undivided one-eighth interest in the remainder in fee after the life estate of said Louis W. Paulus in the reversion in fee in and to" the real estate described in the foregoing deed from Henry J. Paulus to Spatz, the deed reciting, "which said interest was acquired by the grantor herein under and by virtue of the eleventh clause of the will of said Charles Paulus, deceased."

On December 22, 1917, Edward Spatz filed in the circuit court of Logan county his bill for partition, setting forth the foregoing facts and alleging that by reason thereof he and Henry J. Paulus were seized in fee of the real estate described in said deeds, each owning an undivided one-half thereof, except as to the contingent remainders in the undivided one-third interest in the real estate de-

scribed in the deed from Hermina M. Baker to Spatz existing in the lineal descendants of Hermina M. Baker and Charles Paulus and the reversion therein, "which said contingent remainder or remainders can only take effect as to such undivided one-third interest in said four-acre tract from and after the death of the said Hermina M. Baker." Henry J. Paulus and all other lineal descendants of Charles Paulus, deceased, known and unknown, were made defendants to the bill. The bill prayed for a construction of certain clauses of the will of Charles Paulus, that the deed from Elsa Barry to Robert Barry be removed as a cloud upon the title to the premises therein described, and that partition be made between the complainant and Henry J. Paulus. A guardian *ad litem* for the infant defendants was appointed, who filed an answer in the usual form and also filed a cross-bill for the construction of the entire will of Charles Paulus. Issues were formed upon the bill and cross-bill and the cause was referred to the master, who heard the evidence and reported the same, with his conclusions, to the court. Upon this report the chancellor entered a decree finding that under the fifth clause of the will of Charles Paulus Henry J. Paulus took a life estate in the property therein described, with a contingent remainder over to such lineal descendants of Henry J. Paulus as survived him, and in default of any such lineal descendants surviving him, then remainder over to such lineal descendants of Charles Paulus as were then surviving, and that such remainders were cross-remainders and contingent; that by reason of the conveyance by Henry J. Paulus of his life estate in a portion of the premises described in the fifth clause of the will to Edward Spatz, and the conveyance by Henry J. Paulus, Louis W. Paulus, Hermina M. Baker and Nettie E. Wilmert to Benjamin Myers, and the conveyance by Myers to Spatz, the title to that portion of the real estate described in the fifth clause of the will which is described in said deeds became vested in fee simple in Spatz;

that the eighth clause of the will is to be construed to mean
that if any of the co-tenants therein mentioned die after
having had lineal descendants, such lineal descendants or
their heirs would take the undivided one-third interest of
their ancestor, but if any of such co-tenants die without ever
having had lineal descendants, then such one-third interest
would pass under the ninth clause of the will; that in case
any of the life tenants mentioned in the eighth clause
should, under the power therein conferred, convey the fee
in an undivided one-third of the land described in that
clause to either of the other children named in that clause,
such grantee would take an estate in such land for the
life of the grantee, with a contingent remainder over to
such children of the grantee as might survive the grantee;
that the ninth clause of the will does not control or in any-
wise affect the remainders given under the eighth clause of
the will nor make them contingent, and that the remainders
given under the eighth clause are not limited to such de-
scendants of the life tenant as may survive such life tenant,
and that the ninth clause does not affect or cut down the
fee title given under the tenth clause of the will; that under
the eleventh clause an estate in fee tail is created, which un-
der our statute vests in each of the four children of Charles
Paulus an estate for life in an undivided one-fourth of any
property passing under that clause, with a vested remainder
as to such one-fourth in the lineal descendants of each child
*per stirpes* in fee, and that such remainders are now vested
in the lineal descendants of the four children and in the
heirs of such descendants in case they die, subject to open
up to let in after-born descendants; that by the eleventh
clause the testator also intended that any of the life ten-
ants therein named should have power to convey the entire
fee simple title to any of the property passing under the
eleventh clause to any other child of Charles Paulus, and
that such conveyance should vest in the grantee a life es-
tate for the life of the grantee, with a contingent remain-

der over to the surviving lineal descendants, if any, of the grantee, and in default of surviving lineal descendants to the then surviving lineal descendants of Charles Paulus, both of which remainders would be contingent; that under the eighth clause of the will the real estate therein described passed to Louis W. Paulus, Henry J. Paulus and Hermina M. Baker, as tenants in common, for life, with a vested remainder over of the undivided one-third interest of each of said life tenants to the lineal descendants of such life tenant *per stirpes* in fee and subject to the power of appointment given in said eighth clause to such life tenants; that by reason of the conveyance by Louis W. Paulus and Henry J. Paulus to Hermina M. Baker of a portion of the real estate described in the eighth clause of the will, and the conveyance by Hermina M. Baker to Edward Spatz, the latter became seized of such real estate for the several lives of Hermina M. Baker, Henry J. Paulus and Louis W. Paulus, and that from and after the death of Hermina M. Baker, Henry J. Paulus and Louis W. Paulus the title to said real estate will vest in the lineal descendants of Hermina M. Baker or their heirs, but in the event Hermina M. Baker dies without having had any lineal descendant, then in such case the title to said tract will vest in such lineal descendants of Charles Paulus as then survive, but in the event that at the death of Hermina M. Baker there are no lineal descendants of Hermina M. Baker or of said Charles Paulus, the title to said tract will then vest in the heirs of Louis W. Paulus, Henry J. Paulus, Hermina M. Baker and Nettie E. Wilmert; that by reason of the various deeds above mentioned Edward Spatz and Henry J. Paulus became and now are seized in fee simple of that portion of the land described in the fifth clause of the will which is here sought to be partitioned, each owning an undivided one-half thereof, and that each also became and now is seized, for the several lifetimes of Hermina M. Baker, Henry J. Paulus and Louis W. Paulus, of an undivided

one-half interest in that portion of the real estate described in the eighth clause of the will which is here sought to be partitioned, and that the deed from Elsa Barry to Robert Barry constitutes a cloud upon their title and should be removed. The decree set aside and removed the record of the deed from Elsa Barry to Robert Barry as a cloud upon the title of Edward Spatz and Henry J. Paulus to the real estate described therein, and ordered partition between Spatz and Henry J. Paulus in accordance with their interests in the real estate sought to be partitioned, as found in the decree. From that decree Spatz has prosecuted this appeal.

By the third, fourth, fifth, sixth, seventh, eighth and eleventh clauses of his will Charles Paulus devised certain real estate to his several children for life with remainder to his or her lineal descendants. In the third, fourth, fifth, sixth and seventh clauses the remainder-men are designated as the lineal descendants who shall survive the life tenant, and the remainders thus created are clearly contingent. (*Smith* v. *Chester, 272* Ill. 428.) In the eighth and eleventh clauses the remainder-men are merely designated as the lineal descendants of the life tenant. The ninth clause of the will, however, provides that if any of the life tenants should die without leaving lineal descendants or descendant living at his or her death, then the real estate given to such life tenant should, after his or her death, vest in all of the testator's lineal descendants *per stirpes* in fee. It is a fundamental rule that in construing wills the intention of the testator is to be ascertained from a consideration of the will in all of its parts and details, bearing in mind the scope and plan of the testator as expressed by the whole will. (*Black* v. *Jones,* 264 Ill. 548; *Walker* v. *Walker,* 283 id. 11.) The ninth clause clearly embraces all the devises made to the children of the testator for life, and when it is read in connection with the other provisions of the will there is no escape from the conclusion that in each instance where lineal descendants are designated as the remainder-

men the testator intended to designate only such lineal descendants as should survive the life tenant, and that the remainders created by the eighth and eleventh clauses, as well as those created by the third, fourth, fifth, sixth and seventh clauses, are contingent.

The law is settled in this State that where a testator has created a life estate in land and the remainder limited to take effect upon the termination of the life estate is contingent, a conveyance of the life estate by the life tenant and a conveyance of the reversion in fee by the heirs-at-law of the testator, either mediately or immediately, to the same person, will defeat the contingent remainder and vest the fee simple title in the grantee. (*Bond* v. *Moore,* 236 Ill. 576; *Belding* v. *Parsons,* 258 id. 422; *Smith* v. *Chester, supra; Blakeley* v. *Mansfield,* 274 Ill. 133; *Benson* v. *Tanner,* 276 id. 594.) The deed executed by Henry J. Paulus conveyed his life estate in a portion of the real estate described in the fifth clause of the will to appellant, and the deeds from Henry J. Paulus, Louis W. Paulus, Hermina M. Baker and Nettie E. Wilmert to Benjamin Myers, and from Myers to appellant, conveyed the reversion in fee to the appellant. The life estate and the reversion in fee having met in appellant, the life estate merged in the reversion, the contingent remainders were destroyed and appellant became seized of the real estate in fee simple. Appellant thereafter conveyed an undivided one-half interest to Henry J. Paulus, and the circuit court did not err in finding that appellant and Henry J. Paulus each own an undivided one-half of the real estate described in the fifth clause of the will sought to be partitioned and ordering partition accordingly.

The circuit court held that by reason of the conveyance by Louis W. Paulus and Henry J. Paulus to Hermina M. Baker of a portion of the real estate described in the eighth clause of the will under the power of sale contained in that clause, and the conveyance by Hermina M. Baker to appel-

lant, the latter became seized of such real estate for the several lives of Hermina M. Baker, Henry J. Paulus and Louis W. Paulus, and that from and after the death of Hermina M. Baker, Henry J. Paulus and Louis W. Paulus the title to said real estate will vest in the lineal descendants of Hermina M. Baker or their heirs. Appellant contends that by reason of those conveyances he became seized of an estate for the life of Hermina M. Baker in an undivided one-third of that real estate and of an estate in fee in the remaining undivided two-thirds thereof, and that the decree with reference to the real estate described in the eighth clause of the will is therefore erroneous.

The power under which Louis W. Paulus and Henry J. Paulus conveyed a portion of the real estate described in the eighth clause to Hermina M. Baker authorized them to sell their interests in such real estate to her and "to make deeds conveying the fee thereof." This clearly authorized each of them to convey an undivided one-third interest in fee to Hermina M. Baker, and thereby destroy all remainders and reversions created by the will, unless such power is qualified or limited by the language following that last above quoted, viz., "but the conveyance shall convey the title to the grantee, to be held on the same terms and conditions and for the same time as the real estate received by said grantee in my real estate by this will." This language, however, is too vague and uncertain to cut down the estate in fee which the preceding portion of the clause empowers Louis W. Paulus and Henry J. Paulus to convey to Hermina M. Baker. Under the fourth, eighth and eleventh clauses of the will Hermina M. Baker received certain real estate for life while under the tenth clause she received certain real estate in fee. It is therefore impossible, except by conjecture, to determine which devise of real estate to Hermina M. Baker the testator had in mind when, after empowering Louis W. Paulus and Henry J. Paulus each to convey an undivided one-third interest in fee to Hermina M. Baker,

he provided that Hermina M. Baker should hold such one-third interest "on the same terms and conditions and for the same time" as the real estate received by her under the will. While a fee simple estate devised by will may be reduced, qualified or cut down by subsequent language used in the will, the language relied upon for that purpose must be clear and unequivocal. (*Little* v. *Bowman,* 276 Ill. 125.) The language here relied upon to cut down the fee simple estate which the eighth clause of the will empowers one life tenant to convey to another is not of that character. The deed from Louis W. Paulus and Henry J. Paulus to Hermina M. Baker conveyed to her an undivided two-thirds of a portion of the real estate described in the eighth clause of the will in fee simple, and the deed from Hermina M. Baker to appellant conveyed to appellant an undivided one-third of said real estate for the life of Hermina M. Baker and the remaining two-thirds in fee. It follows that the circuit court should have found that appellant and Henry J. Paulus each own in fee an undivided one-third of the real estate described in the eighth clause of the will sought to be partitioned, and that each is seized of an additional undivided one-sixth of said real estate for the life of Hermina M. Baker, and should have decreed partition accordingly.

Elsa Barry had no vested interest in the real estate described in the eighth clause of the will, and her deed to Robert Barry purporting to convey a portion thereof was properly set aside and the record thereof removed as a cloud upon the title to that real estate.

The decree of the circuit court is reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*