(No. 12696.—Decree affirmed.)

HERMINA M. BAKER, Appellee, vs. MARGARET WILMERT
et al. Appellants.

Opinion filed June 18, 1919.

1. POWERS—a collateral power cannot be suspended or extinguished by donee. A power collateral is a power of appointment which is vested in one not interested in the property made the subject thereof, and such power cannot be suspended or extinguished by any act on the part of the donee with respect to the land, nor can it be released by him except when the power is for his own benefit, as when the power is to charge a sum of money on the land for himself.

2. SAME—what is a power in gross. A power in gross is a power given to a donee, who has an interest in the land, to create by appointment an estate, only, which will not attach to the interest limited to him or take effect out of his own interest but which arises after the donee's own estate has terminated.

3. SAME—what is a power appendant or appurtenant. A power appendant or appurtenant exists where the donee of the power has an estate in the land and the power is to take effect wholly or in part out of that estate and where the estate created by the exercise of the power affects the estate and interest of the donee.

4. SAME—power in gross, if not coupled with a trust, may be extinguished by the donee. A power in gross, if not coupled with a trust, may be extinguished by the donee by a release to any person having an estate of freehold in the land.

5. SAME—power appendant or appurtenant may be released or extinguished. A power appendant or appurtenant may be released or extinguished, and the alienation of his estate by the donee will destroy the power, as it would be a fraud on the alienee if the grantor could thereafter, by exercising the power which is optional with him, derogate from his own grant.

6. SAME—when power to appoint fee is extinguished by donee. While a power of appointment of the fee is not merged in an estate in fee where such power is given to the donee by the same instrument creating the estate in the donee, yet where the donee of the power subsequently acquires the fee such power of appointment is merged, or at least becomes changed from a power in gross to a power appurtenant, and will be extinguished by a conveyance of the fee by the donee reciting that all power of appointment is relinquished.

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

A. D. CADWALLADER, guardian *ad litem*, for appellants.

COVEY & WOODS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree in partition of the circuit court of Logan county.

Charles Paulus died about April 21, 1916, leaving a last will and testament duly proven and admitted to probate. He left him surviving as his only heirs-at-law his four children, Henry J. Paulus, Louis W. Paulus, Hermina M. Baker and Nettie E. Wilmert. At the time of his death he was seized in fee simple of 1000 acres of land, among which was the land in question, disposed of by the sixth clause of the will and the second paragraph of the first codicil thereto. The sixth clause reads as follows:

*"Sixth*—I give and devise to my beloved daughter Nettie E. Paulus the following described real estate, to-wit: The northwest quarter of section 16 and the northwest quarter of the southwest quarter of said section 16, all in township 18, north, and range 1, west of the third principal meridian, in said Logan county, to have and to hold for the period of her natural life, and after her death I give and devise the remainder in the same to all the lineal descendants she may leave living at her death, *per stirpes* in fee."

The second paragraph of the first codicil reads:

"In said will I have given certain real estate to my daughter Nettie Paulus for life and remainder to her lineal descendants and in default of lineal descendants I have devised the remainder to my lineal descendants living at her death; now by this codicil I desire to so change said will that if said Nettie Paulus die leaving no lineal descendants living at her death, the real estate which is given to said

Nettie Paulus for life is hereby devised to such of my lineal descendants as she, said Nettie Paulus, shall by will appoint, and in default of will and lineal descendants of herself, then said real estate given to her for life shall descend to all of my lineal descendants living at her death, *per stirpes* in fee."

The four children by *mesne* conveyances conveyed their life estates, together with their reversionary interests, to Edward Spatz. These conveyances were held by this court to have destroyed the remainders, which were held to be contingent and therefore destructible. (*Spatz* v. *Paulus,* 285 Ill. 82.) Spatz thereafter by warranty deed conveyed to Nettie E. Wilmert in fee the tract of land in question here, and she immediately thereafter by warranty deed conveyed the same lands to Spatz, in which deed the following language was used: "The grantor, Nettie E. Wilmert, hereby releases, relinquishes and extinguishes any power of appointment or disposition she may have over said premises under and by virtue of the will of Charles Paulus, deceased, or the codicils thereto, and she further covenants and agrees with said Spatz that she will never, under any circumstances or at any time, exercise any such power of disposition or appointment or otherwise do any act or thing that will in any way cut down, detract from or affect the absolute, indefeasible, fee simple title to said premises which is hereby conveyed to said Spatz." By subsequent *mesne* conveyances Hermina M. Baker, Henry J. Paulus, Nettie E. Wilmert and Louis Paulus became seized of said premises and other lands as tenants in common. The bill for partition herein was thereupon filed and decree entered thereon, finding that said four persons were owners in fee of the lands in question, together with the other lands, and decreeing partition thereof. The chancellor also found and decreed that by the warranty deed of Nettie E. Wilmert, Spatz took the fee simple title to the lands in question, and that all contingent remainders and contingent future interests of

every kind were by merger destroyed, and that any power of appointment existing in Nettie E. Wilmert by virtue of said codicil was released and extinguished.

It is contended by appellants that the chancellor erred in holding that the power of appointment given to Nettie E. Paulus by the will was extinguished by her deed to Edward Spatz; that she did not and could not exercise the power of appointment contained in the codicil by the giving of the deed but that such power could only be exercised by her by means of a will.

This case came before this court in *Spatz* v. *Paulus, supra,* where it was held that the remainders created by the will of Charles Paulus were contingent remainders, and that therefore the deeds of the life tenants and reversioners extinguished the contingent remainders and vested the fee in the grantee therein. That question, although here raised on assignments of error, was in that case passed upon, and as there the same will was involved and all parties to this suit were parties in that suit and before the court, that case is *res judicata* as to that question.

But it is urged the power of appointment in this case prevented the merger of the life estate with the reversion so as to extinguish the contingent remainders, and that that matter was not passed upon by this court in the case of *Spatz* v. *Paulus, supra.* The record discloses that such point was not raised in that case, and while the fact that the court did not comment on that feature of the case does not affect the rule with reference to its being *res judicata,* it is clear that if this power be one which may be extinguished by the act of the donee thereof, it would not prevent a merger in case such donee would so act as to extinguish such power. The principal question, therefore, is whether or not the deed of Nettie E. Wilmert extinguished the power of appointment given her by the second paragraph of the first codicil to the will of Charles Paulus: It is evident from the language of her deed that she, in so

far as she was able to do, released, relinquished and extinguished this power of appointment or disposition, and if it be such a power as may be by the donee thereof released and extinguished, such has clearly been done in this case. Again, Nettie E. Wilmert gave her warranty deed to the premises in question, and if the power of appointment given her by the will is such as may be extinguished, she would be estopped under her warranty from exercising the same. We therefore come to the question whether or not the power granted in the codicil is extinguishable.

It is contended by appellants that since the will provides that the power of appointment shall be exercised by will it cannot be exercised in any other way. The question here, however, is not one of the exercise of the power of appointment, but whether or not the same may be extinguished and the exercise thereof avoided by the act of the donee over such power. It follows that authorities cited by appellants in support of their contention have no application.

Powers of appointment have been by some authorities divided into three classes: First, collateral powers; second, powers in gross; and third, powers appurtenant or appendant. A power collateral is one in which a power of appointment is vested in one not interested in the property made the subject thereof. (1 Tiffany on Real Prop. sec. 291.) A power in gross is one in which the donee having an interest in the land is to create by appointment an estate, only, which will not attach to the interest limited to him or take effect out of his own interest but which arises after the donee's own estate has terminated, as where a life estate is given to A with power to appoint by will, such power not being designed or intended to create an estate by appointment out of the estate held by the donee but subsequent to the termination of the donee's estate is held to be power in gross. (1 Sugden on Powers,—3d Am. ed.—107.) A power appendant or appurtenant is that power existing where the donee of the power has an estate in the

land and the power is to take effect wholly or in part out
of that estate, and the estate created by its exercise affects
the estate and interest of the donee of the power. (Far-
well on Powers, 8.) Appendant and appurtenant powers
are annexed to the estate of the donee, and when created
are to be executed out of and must be concurrent with and
have their being and continuance, at least for some part,
out of the estate of the donee. (Powell on Powers, 10.)
A power simply collateral cannot be suspended or extin-
guished by any act on the part of the donee with respect
to the land, nor can it be released by him except when
it is for his own benefit, as a power to charge a sum of
money on the land for himself. (1 Tiffany on Real Prop.
sec. 291; Sugden on Powers, 49.) Powers in gross, if
not coupled with a trust, may be released by the donee to
any person having an estate or freehold in the land. (Sug-
den on Powers, sec. 82; 5 Gray's Cases, 328; Tiffany on
Real Prop. sec. 291; Farwell on Powers, sec. 12.) A
power appendant or appurtenant may be released or extin-
guished. (Washburn on Real Prop. sec. 1668.) Where
lands are limited to such uses as A shall appoint and in
default of such appointment such lands shall go to A and
his heirs, he may dispose of the lands either by the exercise
of the power or by a conveyance of his estate. If he ex-
ercises the power the estate limited to him in default of
the appointment is destroyed, but if he conveys his estate
the power is extinguished. (Williams on Real Prop.—
17th ed.—446.) Where the donee of the power has an
estate in land, the exercise of which power would neces-
sarily affect his estate, (as where a tenant in fee has power
to appoint others in fee,) such donee has a power appendant
or appurtenant, and the alienation of his estate will destroy
the power, since it would be a fraud on the alienee if the
grantor could thereafter, by exercising the power which is
optional with him, derogate from his own grant. (1 Tiede-
man on Real Prop. 642.) In 2 Coke on Littleton (Butler

& Hargrave's notes, 243*b*) the rule is thus stated: "As
to powers relating to the estate of the donee of the power
in the land: Such of those powers as are in the nature
of powers appendant to estate may, it is agreed, be extin-
guished by the release, feoffment, fine or common recovery
of the donee of the power. These powers also are liable
to be extinguished or suspended by any of the conveyances
which are said not to operate by transmutation of the pos-
session, as bargains and sales, leases and releases, and cove-
nants to stand seized, for whoever has any estate in the
land may convey that estate to another, and it would be
unjust that he should afterwards be admitted to avoid or
to do anything in derogation from his own grant. Any
assurance of this nature, therefore, which carries with it
the whole of the grantor's estate, is a total destruction of
the powers appendant to that estate."

Applying these rules to the case at bar, it is evident that
the power taken by Nettie E. Wilmert under the will was
a power in gross not coupled with a trust, for by the terms
of said codicil it is provided that "in default of will and
lineal descendants of herself" the real estate was to go to
the lineal descendants of the testator. The appointment
was of an estate not out of her estate but to commence
after the termination of her estate. The power thereby
given was a power in gross not coupled with a trust, which,
as we have seen under the authorities, may be extinguished
by the donee. 22 Am. & Eng. Ency. of Law, (2d ed.)
131; 1 Sugden on Powers, (3d ed.) secs. 82, 158; Tiffany
on Real Prop. sec. 291; *McFall* v. *Kirkpatrick,* 236 Ill. 281.

As we have seen, Nettie E. Wilmert conveyed her life
estate, together with her reversionary interest, to Edward
Spatz, which, as was held in the case of *Spatz* v. *Paulus,*
*supra,* vested the fee in Spatz and extinguished the contin-
gent remainder. Spatz thereafter by warranty deed con-
veyed the fee in the land in question to Nettie E. Wilmert.
The deed by which she conveyed her life estate and rever-

sionary interest to Spatz, while containing a recital that it'
was the intention to extinguish all contingent remainders
and future interests, contained no recital as to the relin-
quishment or extinguishment of her power of appointment.
Assuming, therefore, that such power had not been extin-
guished when she became vested with the fee to the lands
in question by the deed of Spatz to her, we have a situation
where she is the owner of the fee subject to this power of
appointment. The rule is, that while a power of appoint-
ment is not merged in an estate in fee where such power
of appointment of the fee is given to the donee by the
same instrument, yet where the donee of the power ac-
quired the fee simple subsequently, such power of appoint-
ment is merged. (Tiffany on Real Prop. sec. 291; Farwell
on Powers, 31.) Whether or not this be the true rule, it
is evident that the character of the power thereby became
changed from a power in gross to a power appurtenant, in
that the exercise of that power would be to appoint an
estate out of the fee of the donee of the power. (*McFall
v. Kirkpatrick, supra.*) In either event said power may be-
come extinguished by the act of the donee, and when Nettie
E. Wilmert, after receiving the fee to said property, con-
veyed the same by warranty deed, with the recital therein
that she relinquished, released and extinguished any power
of appointment that she may have had, and covenanted that
she would never, under any circumstances, exercise such
power of appointment, said power must be held to be ex-
tinguished. 1 Sugden on Powers, (8th ed.) 74; 2 Chance
on Powers, 3149; *McFall v. Kirkpatrick, supra.*

As we have seen, it appears that subsequent to the war-
ranty deed of Nettie E. Wilmert to the premises in ques-
tion, the appellee, Hermina M. Baker, and Henry J. Paulus,
Nettie E. Wilmert and Louis Paulus, took title to the prop-
erty in question, together with other lands, by *mesne* con-
veyances as tenants in common, and it follows from the
views herein expressed that they took as such tenants in

common the fee simple title thereto, free from all incumbrances and not affected by the power of appointment in question herein, and the chancellor did not err in so finding and decreeing.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*