In re Estate of Eli Brown, Deceased.
Guy C. Brown, Appellee, v. Katie Brackney, Appellant.

Gen. No. 9,079.

374

Opinion filed January 17, 1938.

HARVEY GROSS, of Paris, and EARL M. MANN, of Terre Haute, for appellant.

S. I. HEADLEY, of Paris, and ACTON, ACTON & BALDWIN, of Danville, for appellee; W. M. ACTON and HARVEY H. ACTON, of counsel.

MR. JUSTICE RIESS delivered the opinion of the court.

Appellant, Katie Brackney, filed objections in the county court of Edgar county, Illinois, to three items of credit taken in the final report of Guy C. Brown, executor of the last will and testament of Eli Brown, deceased, wherein she was named as a legatee. From

the order of said court sustaining in part and overruling the remainder of the objections, appeal was taken by her to the circuit court of said county, wherein an order was entered contrary in substance to her contentions, from which order she has appealed to this court.

Eli Brown died testate at Redmon in said county on May 21, 1935, leaving a last will and testament dated March 5, 1929, and a codicil thereto dated September 12, 1934, which were duly admitted to probate. His real estate described in the will and inventory consisted of 240 acres of farm land and a small residence and six-acre pasture lot, which latter were situated in the Village of Redmon in said county. The personal estate, consisting principally of household and farm chattels and products, rentals, and utility stocks, were sold and converted into cash by the executor in the amount of $2,028.39, in addition to a small cash balance in bank. As directed in the will, the executor also sold the house and six-acre tract of land situated in the Village of Redmon which was inventoried at $3,000, but actually so sold for $1,146, and his final report showed gross receipts from the personal estate and Redmon property so converted into cash of $3,197.28. Credits were taken in the executor's report for $2,235.17, including the three disputed items of credit aggregating $1,173.30 and leaving a controverted balance of $962.11 to be paid to appellant less $79.53 State inheritance tax on an allegedly abated $3,000 legacy.

The county court sustained objections to part of the disputed items and directed the executor to pay appellant $1,814.52 in full payment of said abated legacy. The circuit court, on appeal, overruled the objections to all credits above the amount of $1,146, the proceeds of sale of the Redmon property, which was held to be a special fund out of which said legacy became payable, and further held that the personal estate was

primarily liable for the debts and costs of administration of the estate and that the farm lands specifically devised in the will to four children were not ratably chargeable with the payment of said debts as contended by appellant.

No errors were assigned to the action of the circuit court in overruling all objections to payments made by the executor for which credits had been taken in his account, and no cross-errors were assigned thereon. The errors assigned concern only the construction of the provisions of the will relative to the payment of debts of the estate and the legacy payable to appellant under the terms of the will.

Paragraph one of the will of Eli Brown ordered and directed "that my executor hereinafter named pay all my just debts and funeral expenses as soon after my decease as may conveniently be."

Paragraph two provided a life estate "subject to provisions of paragraph one" to his wife, Savilla A. Brown, who was then living, in all of his real estate and personal property and then provided that at her death the executor should sell the real estate consisting of the residence and pasture lot in the Village of Redmon "and all my personalty remaining at the death of my said wife" and out of the proceeds thereof and of money on hand or collected together with $1,000 to be paid by Guy C. Brown, devisee (which latter provision was, however, adeemed in the codicil) and pay to Katie Brackney or her heirs a legacy of $3,000, and from any remaining money, pay any remaining mortgage indebtedness on the farm lands and then divide any remainder "after all debts are paid" among the four children to whom the farm is specifically devised.

Paragraph three specifically devised the 240-acre farm in four separately described tracts to four of testator's children therein named and further provided

that each should contribute $1,000 to each of two sons, who had been missing for several years, in the event that they were still alive and returned within ten years, which payments were made a lien on said lands. It was further provided therein that Guy Brown should pay $1,000 "into the personal and Redmon property fund of my estate from which the bequest of Katie Brackney is paid." Guy Brown was named as executor of the will.

Savilla Brown, the wife of Eli Brown, died on April 17, 1933, and on September 12, 1934, a codicil was executed by Eli Brown providing that Guy Brown (because of services performed in managing the farm and business of testator for several years) should not pay the $1,000 into the personal property fund mentioned in the second paragraph of the will, which was to be diminished to that extent, and all other provisions of the will were to remain in full force and effect, subject only to that change.

Eli Brown, at his death, left four surviving children, Irving J. Brown, Cora E. Lacey, Ethel S. Welch and Guy C. Brown, the executor. He formerly had two sons, Ora E. Brown and Claud Brown, the missing sons mentioned in the will, who had not been heard of for many years and were presumed to be deceased.

It is contended by appellant Katie Brackney that the circuit court erred, first, in failing to find that the fund created by the sale of real estate situated in the Village of Redmon and the proceeds of sale of all personal property and cash on hand at death of Savilla Brown and Eli Brown constituted a fund which was first chargeable with the payment in full of the legacy to appellant in the sum of $3,000 (less inheritance tax) precedent to the payment of any debts of the estate; or secondly, that in the alternative, appellant be paid out of said fund the sum of $3,000 (less inheritance

tax) and subject only to the payment of its pro rata share of the debts and cost of administration of the estate of Eli Brown, deceased.

Appellee contends that the provisions of the will and codicil, when construed as a whole, clearly show the intent of the testator to be that the debts of the estate must be first paid from the personal estate and that only the residue remaining thereafter, if any, together with the proceeds of sale of the Redmon property, constitute a specific fund from which appellant's legacy is payable, and that in so holding, the circuit court did not err. Appellee further contends that if the legacy given to appellant was general, the debts take precedence and must first be paid; that if the same is a demonstrative legacy, it cannot be paid in full unless there remains a residuary estate not specifically bequeathed or devised, after the payment of the debts in full; that if it is a specific bequest, it fails to the extent that there is no estate falling within the definition of the specific bequest out of which it can be paid and that it must therefore abate accordingly.

In passing upon the issues herein it will be necessary to quote the language used in the second and a portion of the third paragraph of the will, which reads as follows:

"Second: To my wife, Savilla Brown, I give and bequeath (subject to the provisions of paragraph one) all of my estate, both real and personal for and during the period of her natural life only; and at her death, I direct that my Executor hereinafter named sell my real estate in the Village of Redmon, Illinois, consisting of my residence property and about six (6) acres of land, and all my personalty remaining at the death of my said wife, at either public, or private sale, as he may see fit, and he is empowered hereby to make good and proper conveyance of title for same. And out of the proceeds of sale and out of money on hand, or otherwise collected from my estate, together with One

Thousand ($1000) Dollars to be paid my estate by my son, Guy Brown, as hereinafter provided, my said Executor is to pay to Katie Brackney (who was reared in my family) the sum of three thousand ($3000) Dollars, which I give and bequeath to her and her heirs absolutely, and what money remains after the payment of said three thousand ($3000) dollar bequest shall first be applied to the payment of any mortgage indebtedness that remains unpaid at my wife's death, on my farm hereinafter described, and on which I now have a small mortgage. And whatever remains after all my debts are paid I desire to be divided equally between my four children, to whom I give my farm, share and share alike.''

''Third: I give and bequeath my two hundred forty (240) acre farm located in the town of Buck in Edgar County, State of Illinois (subject to the life estate of my said wife, and other provisions of this will) to my four children, namely Irving Brown, Guy Brown, Cora E. Lacey and Ethel Welch, as follows:'' A specific description of each of the respective tracts devised to each of said named children then follows.

It clearly appears from the will that the devises made in the third paragraph to the four children of the testator of certain specific tracts and portions of the 240-acre farm are specific devises of said respective tracts of land and are no part of any residuary estate herein.

It also appears that the fund arising from the sale of the Redmon property was not primarily a part of the personal estate nor was the same equitably converted into personal property for the purpose of creating a fund out of which the testator's debts might be paid. The proceeds of the sale of such Redmon real estate was made a specific fund chargeable only with the payment of the specific legacy of appellant, less the amount of inheritance tax lawfully payable out of the same. It was therefore correctly held by the circuit court that the executor could not reduce the amount

of such net proceeds and was accountable to appellant for said remainder.

Whether the testator intended to make the personal property primarily chargeable with the payment of the debts and that the remainder only pass into the specific fund from which appellant's legacy became payable; or whether all of the proceeds of sale of personal property was intended to pass into said specific fund remains to be determined from the language of the will and all reasonable implications therefrom.

It is a cardinal rule of testamentary construction that the intention of the testator is to be ascertained and given effect from a consideration of the language of the entire will and all its parts, unless such intention is contrary to some rule of law or public policy. *Dahmer v. Wensler,* 350 Ill. 23, 182 N. E. 799; *Spatz v. Paulus,* 285 Ill. 82, 120 N. E. 503; *Meily v. Knox,* 269 Ill. 463, 466, 110 N. E. 56; *Miller v. Brinton,* 294 Ill. 177, 184, 128 N. E. 370.

In all intestate estates the personal estate is primarily chargeable with the payment of debts and costs of administration before the real estate can be charged with or sold for the payment of any part thereof. This same rule applies in both intestate and testate estates, unless, in the latter case, a contrary intention appears from the will. *Baker v. Baker,* 319 Ill. 320, 150 N. E. 284.

This court, in the case of *Showalter v. Showalter,* 38 Ill. App. 208, quoted the following language from *Heslop v. Gatton,* 71 Ill. 528, wherein the Supreme Court held upon authorities therein cited that "when a person dies leaving a will, and personal and real property, debts and pecuniary legacies bequeathed by the will are to be paid from his personal property; and in case of a deficiency of personal property, the legacies must abate unless he charges his real estate with the payment. The charge upon the real estate may be

made by the testator either by express direction to that effect contained in the will or the intention thus to charge may be implied from the whole will taken together." *Haynes v. McDonald*, 252 Ill. 236, 96 N. E. 823.

The first paragraph of the will of Eli Brown expressly orders and directs "that my executor hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be." The second paragraph of the will gives all the real and personal property to his wife for and during the period of her natural life "subject to the provisions of paragraph one."

It is clear that if the testator's wife had survived him, she would have taken no personal property under the will until all of testator's debts had been fully paid as ordered and directed in paragraph one of said will. Neither the subsequent death of the wife nor the express provisions of the codicil reaffirming these provisions in any way lessen or change such liability of the personal property for the payment of such indebtedness. No special trust fund was created out of any personal property by the express terms of the will itself, until after the debts were so paid in full.

In pursuance of this declared intention, the testator further provided in paragraph two of his will that after the termination of said life estate of his wife, the executor was directed to sell the Redmon property, "and all my personalty *remaining* at the death of my said wife," was to become a part of the fund from which the executor is ordered to pay the legacy of appellant. That the testator was then under the impression that the fund so created would be sufficient to pay the legacy in question in full is further evidenced by the provision that "what money remains after the payment of said bequest" shall be applied in payment of any balance of a small mortgage indebtedness on the

farm and "whatever remains after all my debts are paid, I desire to be divided equally by my four children, to whom I give my farm, share and share alike."

Had the testator desired or intended to make any additional change or alteration in the terms of his will after the death of his wife, such intention would appear from the codicil in which the express provisions of the will were reaffirmed and republished. The intention to be sought in construing a will is not that which by inference may be presumed to have existed in the mind of the testator, but that which he has expressed in the will. *Bond v. Moore,* 236 Ill. 576, 86 N. E. 386; *First Trust & Savings Bank v. Olson,* 353 Ill. 206, 187 N. E. 282.

It is provided in paragraph three that the testator gives the 240-acre farm "(subject to the life estate of my said wife and other provisions of this will) to my four children." Such "other provisions" were properly construed by the trial court to have reference to the subsequent liens against the same to secure legacies in favor of the two missing sons and the $1,000 contribution to be made by Guy Brown toward the above mentioned fund, which latter was subsequently adeemed in the codicil. We hold that no other or further charges or liens against the farm land specifically devised to the children either appears by recital or by reasonable implication from the language of the will.

The personal estate was sufficient to pay the debts, and no part of the same went into the specific fund; hence the rule stated in *Baker v. Baker, supra,* requiring both specific legacies and specific devises to contribute ratably toward the payment of debts in case of a deficiency does not apply. Appellant expressly states in her reply brief that "we are not arguing that Katie Brackney's legacy was a lien on real estate specifically devised to the children," which concedes a

correct statement of the rule of law applicable herein. Here, there was no residuary real estate against which the same might have become chargeable as a demonstrative legacy, and since the personal estate was exhausted in the payment of debts, there was no residuary personal estate ''remaining'' out of which the same might have been so paid, and said legacy of Katie Brackney must therefore abate accordingly. *Haynes v. McDonald, supra.*

This court holds that a proper construction of the will shows the intention of the testator to have been that the debts be first paid out of the proceeds of sale of the personal property in accordance with the provisions of paragraph one; that the testator did not provide nor intend that such indebtedness should become a charge upon any real estate until the personal estate was exhausted; that all of the real estate was either specifically devised to the four children or equitably converted into money for the creation of the special fund out of which appellant's legacy became payable; and that no language appears in the context of the will or by reasonable implication therefrom which shows an intent to make the payment of appellant's legacy a lien on any of the real estate specifically devised to the testator's four children.

The circuit court did not err in ordering that the executor recast his account and make distribution in accordance with the terms of its order. No reversible error appearing in the record, the judgment of the circuit court of Edgar county will be affirmed.

*Judgment affirmed.*