68 Ill. App.3d 523 (1979)
386 N.E.2d 650
In re ESTATE OF CHARLES KREITMAN, Deceased.  (NORMAN KREITMAN, Petitioner-Appellee,
v.
NORTHWEST HOME FOR THE AGED, Respondent-Appellant.)
No. 77-909.
Illinois Appellate Court  First District (4th Division).
Opinion filed February 8, 1979.
*524 Ira D. Schultz, of Chicago (Sidney Z. Karasik, of counsel), for appellant.
Albert Novoselsky, of Chicago (Albert Koretzky, of counsel), for appellee.
Judgment affirmed.
Mr. JUSTICE JOHNSON delivered the opinion of the court:
Charles Kreitman's executor brought this action in the circuit court of Cook County by filing a verified petition to construe decedent's will and to declare that a specific legacy of $5000 was adeemed by decedent's lifetime gift of that amount to the beneficiary named in the will. The respondent failed to answer or otherwise plead.
The trial court found that the specific legacy to the respondent was adeemed by decedent's lifetime gift to the respondent. We affirm.
The issues presented for review are (1) whether respondent admitted *525 every allegation of the executor's verified petition by failure to answer during the lower court proceedings and (2) whether the decedent, Charles Kreitman, satisfied the specific legacy of $5000 to the respondent between the date of execution of his will and his death.
The facts are as follows: On January 14, 1971, Charles Kreitman, the decedent, executed a will which provided for a specific legacy to the respondent, Northwest Home for the Aged, in the amount of $5000 in memory of Bertha Kreitman, his deceased wife.
In October 1973, the Northwest Home for the Aged issued an appeal for funds to complete their new home at 6300 North California Avenue, Chicago, Illinois.
On October 19, 1973, Anne Kreitman, the second wife of decedent, issued a check to Northwest Home for the Aged in the amount of $5000 drawn on the joint account of Charles Kreitman and Anne Kreitman.
Charles Kreitman died on May 12, 1975, 1 1/2 years after the gift to the Home. In June of that year, the Northwest Home for the Aged notified the daughter of decedent, Mrs. Dorothy Hoffman, that a memorial plaque in memory of her parents, Bertha and Charles Kreitman, had been placed on the door of room 219 of the Home.
On July 24, 1975, decedent's will was admitted to probate, and on May 28, 1976, the executor filed his inventory showing no real estate and a doubtful interest in two land trusts and one building trust amounting to $5300.
The executor of the estate petitioned the court for a construction of the will to determine whether the legacy in article III to the Northwest Home for the Aged was satisfied and adeemed by the $5000 check given during the lifetime of the testator.
The Northwest Home for the Aged did not file an answer or any other responsive pleading to the verified petition nor the executor's brief during the course of the hearing.
On March 23, 1977, more than 6 months after the executor filed his petition to construe the will, the trial court entered its order. The court stated that the bequest of $5000 in article III of the will was adeemed. The respondent appeals.
Petitioner-appellee contends that because of the respondent's failure to answer the verified petition or raise any affirmative defenses or contentions, the respondent admitted every allegation in the petition. We agree.
Section 40(2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 40(2)) states:
"Every allegation, except allegations of damages, not explicitly denied is admitted, unless the party states in his pleading that he has no knowledge thereof sufficient to form a belief, and attaches *526 an affidavit of the truth of the statement of want of knowledge, or unless the party has had no opportunity to deny."
 1 The respondent, Northwest Home for the Aged, did not make any responsive pleading to the verified petition of the executor to construe the will. If the respondent had desired a trial on the merits, it could have filed an answer and denied the allegations made in the petition. By failing to answer the allegations made in the petition, each and every allegation was therefore admitted by the respondent. As stated in section 40(2) of the statute, everything not explicitly denied must be deemed admitted. Guttman v. Salvaggio (1969), 117 Ill. App.2d 375, 381, 254 N.E.2d 637, 640.
The respondent did not object to the allegation in the petition that decedent "advanced the payment of this bequest by delivering a check for $5000 to the Northwest Home for the Aged." The respondent did not object to the allegation that respondent carried out the bequest by placing a "memorial plaque" on one of the doors of the Home. Further, the respondent did not object to the allegation that it was not the intent of the testator to make two payments of $5000 each to the respondent. Nor did the respondent object to the allegation that the specific legacy had been satisfied and adeemed by the payment of $5000 to the Home by the testator during his lifetime for the purpose stated in his will.
The respondent was given an adequate opportunity to file an answer in the trial court proceedings, but it chose not to respond.
The law is well settled on this issue and in view of the above, the respondent admitted all the allegations set forth in the petition.
Petitioner also contends that the legacy to the respondent was given for a specified purpose, and that purpose was accompanied by the testator in his lifetime; therefore, decedent satisfied and adeemed this specific legacy. We agree
 2 Both petitioner and the respondent agree that the bequest to the Home was a specific legacy. "* * * [I]t has been said that a legatee will have no title to a specific legacy, unless the thing bequeathed remains in specie, as described in the will, at the testator's death." (Tanton v. Keller (1897), 167 Ill. 129, 139, 47 N.E. 376, 378.) At this point, it is necessary to discuss ademption to determine whether the specific legacy remained in the will as described at the time of Charles Kreitman's death.
 3 The doctrine of ademption was best stated in Brady v. Paine (1945), 391 Ill. 596, 600-01, 63 N.E.2d 721, 723:
"Ademption of a specific legacy or devise is the extinction, alienation, withdrawal or satisfaction of the legacy or devise by some act of the testator by which an intention to revoke is indicated; the doing of some act with regard to the subject matter of the devise which interferes with the operation of the will. It *527 signifies an alteration in the subject matter of the legacy or devise."
Decedent's will in article III left the sum of $5000 to the Northwest Home for the Aged in memory of his first wife, Bertha. Almost 2 years before his death, but after the execution of his will, Charles Kreitman advanced the payment of this bequest by delivering a check for $5000 to the Northwest Home for the Aged, signed by his second wife, Anne. It is clear that it was not the intent of decedent to make two payments of $5000 each to the Home in the form of gift or bequest for the same purpose. Therefore, by the advancement of the payment, there was an intention to revoke any other bequests.
 4 It has been well established that the intention of the testator which courts will carry into effect is that expressed by the language of the will. Lenzen v. Miller (1941), 378 Ill. 170, 177, 37 N.E.2d 833, 837.
 5 The legacy in the will was given for a particular purpose, namely, in memory of decedent's departed wife, Bertha. The Northwest Home for the Aged acknowledged that decedent had communicated his intention to adeem the specific legacy by a letter sent to decedent's daughter a month after decedent's death. The letter stated that a plaque had been placed in the Home in memory of Bertha and Charles Kreitman. The letter was received on June 16, 1975, and the respondent could not have been aware of the provisions in decedent's will because it had not yet been admitted to probate. The respondent accepted the gift for the particular purpose stated in the will prior to knowledge of the terms of the will. Since it would not have been the intention of decedent to make two bequests to the Northwest Home for the Aged, the specific legacy set forth in the will has been satisfied and adeemed by the payment of $5000 to the respondent by the testator during his lifetime for the purpose stated in the will.
A final point that was raised by both petitioner and the respondent was the possible abatement of the legacy because of a lack of personal property from which to satisfy the bequest.
In the inventory of the estate, there was cited only doubtful beneficial interest of the testator in certain land trusts, and the testator held no interest in any real estate.
It is true, as respondent stated, that the beneficial interest in a land trust is considered personalty and not realty. (Sterling Savings & Loan Association v. Schultz (1966), 71 Ill. App.2d 94, 107, 218 N.E.2d 53, 60.) Therefore, the $5300 of the land trust interest and the interest in a second mortgage can be classified as personal property. Pecuniary legacies bequeathed by the will are to be paid from the personal property of the estate, and if there is a deficiency of personal property the legacies must abate unless the testator charges his real estate with such payment. In re Estate of Brown (1938), 293 Ill. App. 373, 380, 12 N.E.2d 710, 713.
*528 The question then becomes whether there was a deficiency in the assets of the personal property. Based on the inventory, there was a "doubtful" interest of decedent in two land trusts and a second mortgage amounting to $5300. If there was no personal property, as the inventory might assume, then there was a deficiency and the legacy would have to abate on that basis. The other possibility remaining is that there was sufficient personalty to satisfy the legacy and give the respondent another $5000. Although the argument is not without merit, a resolution of that issue is not necessary at this juncture. Whether the legacy did or did not abate is not a question this court needs to rule upon. We have decided that prior to the death of the testator the specific legacy was adeemed, and the respondent is therefore not entitled to an additional $5000 over and above what it has already received.
For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.
Affirmed.
LINN and ROMITI, JJ., concur.