MARY WENTWORTH *et al.*

*v.*

WILLIAM H. READ *et al.*

*Filed at Ottawa April 3, 1897.*

1. WILLS—*legacies not a charge on real estate unless made so by the will.* Legacies are not a charge upon the real estate of a testator unless expressly or impliedly made so by the terms of the will.

2. EVIDENCE—*real estate cannot be charged with legacies by extrinsic evidence.* In the absence of a latent ambiguity, extrinsic evidence is not admissible to show an intention on the part of a testator to make legacies a charge upon his real estate.

*Wentworth* v. *Read*, 61 Ill. App. 539, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. GEORGE W. STIPP, Judge, presiding.

This is an appeal from a judgment of affirmance by the Appellate Court of a decree for the partition of real estate between the heirs-at-law of Charles G. Read, deceased. Read died in July, 1887, leaving the following will, which was during the same month admitted to probate:

"*In the name of God, Amen.*—I, Charles G. Read, in the township of Berlin, county of Bureau and State of Illinois, of the age of sixty-six years, and being of sound mind and memory, do make, publish and declare this my last will and testament, in manner following, that is to say:

"*First*—I give and bequeath to my wife, Olivia Read, all of my property, both real and personal, of which I die seized, to be accepted by her in lieu of dower during her natural life.

"*Third*—I hereby appoint my wife, Olivia Read, sole executor of this my last will and testament, hereby revoking all former wills by me made, without requiring my said wife Olivia to give bonds.

"*Fourth*—After the decease of my said wife, Olivia, I give to Mary Wentworth (the said Mary Wentworth having lived in my family from girlhood till she married the said Wentworth) the sum of five thousand dollars, for her own use and benefit.

"*Fifth*—I give to Henry B. Read three thousand dollars.

"*Sixth*—I give to my sister, Mary Lamira, wife of Earl P. Collier, the sum of fifteen hundred dollars.

"*Seventh*—I give to Elias M. Wood fifteen hundred dollars.

"*Eighth*—I give and bequeath to Caroline, youngest daughter of my brother, William H. Read, five hundred dollars.

"*Ninth*—I also give and bequeath to Lizzie Powell one thousand dollars.

"Feb. 27, 1885.—I declare this ninth item null and void.—CHAS. G. READ.

"*Tenth*—I give and bequeath to Charles E. F., son of Henry B. Read and Florence K. Read, the sum of five hundred dollars.

"I declare this to be my last will and testament.—Signed this twenty-third day of April, 1884.          CHARLES G. READ.

"Signed in the presence of us, who, at his request, as witnesses, have subscribed our names.          J. JAMES,
F. SUTTON."

The appellants appeared and filed two pleas to the bill of complaint, in which they set up the will and its probate, and that they were legatees therein; that when

they were young children the testator took them into his family, gave them his name and brought them up as his own children; that neither at the time of making the will nor at the time of his death did the testator own or possess more than $100 worth of personal property, which fact he well knew, and knew that he did not have sufficient personal property to pay any part of the legacies given by the will, but that he intended that said legacies should be paid out of the proceeds of his real estate described in the bill, and which comprised, in substance, all of his estate, and that the said legacies should be a charge upon his said real estate. The pleas alleged that the complainants and other heirs-at-law had no right or title to said real estate until said legacies should be paid, and that the respective legatees not made parties to the bill were necessary parties thereto, etc. The pleas were set down for a hearing by the court and were thereupon adjudged insufficient. The final decree adjudged that they had no lien upon or interest in the real estate, but that the same descended to the heirs-at-law as intestate property, and was accordingly divided between them as prayed by the bill. The said legatees have brought this their further appeal.

D. B. SHERWOOD, for appellants.

MILO KENDALL, and HARVEY M. TRIMBLE, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The only question presented by this appeal for our decision is, were the legacies by the will in question made a lien or charge upon the real estate of the testator? It is not claimed that the will, upon its face, either expressly or impliedly provides for such lien or charge, but it is insisted that the will should be read in the light of extrinsic facts and circumstances which existed when it was made and when it took effect and which were well

known to the testator, and that when so read and considered the implication arises that the testator intended to charge these legacies upon his real estate. It is, however, well settled that the intention of the testator must be determined by the will itself, and not from evidence *aliunde.* There is no latent ambiguity in the will requiring parol evidence to explain, and where the intention to make the legacies a charge upon the real estate is not expressed in the will or cannot be implied from the language used, we know of no rule of law which would authorize us to go outside of the will to look for proof of such intention. There is no residuary clause in the will, from the language of which it might appear that the residuum of the estate, after paying the legacies, was devised or bequeathed in a particular way, as in *Reid* v. *Corrigan,* 143 Ill. 402, where it was held that from the will itself, and not from extrinsic evidence, it appeared that it was the intention of the testator to charge the residuary estate with the payment of the legacies there in question. We cannot agree with appellants that that case supports their contention. We see no occasion for reviewing here the authorities on this question. It is well settled in this State, and the rule here held is stated in *Heslop* v. *Gatton,* 71 Ill. 528.

As it does not concern appellants whether or not the decree correctly apportions the realty among the heirs-at-law, there is no reason why we should consider that question on their assignments of error.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTWRIGHT took no part.