FRANK HAYNES, Exr., Plaintiff in Error, *vs.* ELIZABETH McDONALD *et al.* Defendants in Error.

*Opinion filed December 21, 1911.*

1. WILLS—*a legacy is not a charge against real estate unless made so by will.* A legacy is not a charge against real estate unless made so by the will, and if the personal estate is insufficient to pay it the legacy must abate.

2. SAME—*will must evidence an intention to charge real estate with payment of legacy.* The intention of the testator to charge real estate with the payment of a legacy must be evidenced by the will itself, either by express words or necessary implication, and if there is no ambiguity in the language of the will, extrinsic circumstances cannot be considered to show an intention to charge a legacy upon real estate contrary to the intention appearing from the language used.

3. SAME—*direction to pay legacy "in due course of administration" does not charge real estate.* A direction that a legacy be paid "in due course of administration" refers to the time the legacy is to be paid and does not charge the payment thereof upon real estate.

4. SAME—*when a legacy is not a charge upon real estate.* A legacy to be paid "in due course of administration" is not a charge upon real estate where there is no express language to that effect in the will and no residuary clause, and where the testator left considerable personal estate, though not enough, after paying the debts of the estate, to pay the legacy in full; and in such case there is no authority for selling real estate, testate or intestate, to pay the legacy.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. ROBERT J. GRIER, Judge, presiding.

ELTING & HAINLINE, and SCOFIELD & CALIFF, for plaintiff in error.

FLACK & LAWYER, (GEORGE D. TUNNICLIFF, guardian *ad litem,*) for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a bill filed by plaintiff in error, as executor of the last will and testament of Josiah McDonald, deceased, against the widow, heirs and devisees of the testator, for an order to sell real estate of said testator to pay a balance due on a legacy to the testator's daughter, the personal property being insufficient to pay the liabilities of the estate and said legacy in full. The only question involved is whether the legacy of $20,000 to the testator's only daughter was a charge upon the real estate.

Josiah McDonald at the time of his death was the owner of a considerable amount of real estate. By the first paragraph of his will he directed that all his just debts and funeral expenses be paid. By the second paragraph he gave to his widow, in lieu of dower and award, the homestead during her life and the household goods and kitchen furniture as her absolute property forever. By the third, fourth, fifth and sixth paragraphs he devised all his real estate, except as hereafter stated, to two sons and two grandsons and their children. Paragraph 7 made the support of the insane father of one of the grandsons, by said grandson, a charge against the land devised to him. Paragraph 8 required the same grandson to pay certain sums of money to certain persons in said paragraph named. Paragraph 9 required another grandson, a devisee, to pay each of his four sisters $1000 and made the same a charge upon the land devised. Paragraph 10 is as follows: "I give, devise and

bequeath to my daughter, Mary M. Haynes, twenty thousand dollars ($20,000), to be paid to her in due course of administration of my estate." The eleventh paragraph provided for the disposition of the property if any of the sons or grandsons to whom land was devised for their lives died without a child or children or descendants of such. The twelfth paragraph named the testator's son Harvey R. McDonald, and his son-in-law, Frank Haynes, executors of his will, and authorized them "to do and perform any and all acts necessary to the carrying out the provisions of this will and to the closing up of my estate." In case either of said parties died or refused to act the survivor was given full power to administer the estate and perform all acts that both could perform if they were both acting. The son refused and neglected to qualify as executor. Frank Haynes qualified and was duly appointed as sole executor and letter's testamentary issued to him, and in that capacity he filed the bill in this case.

The bill alleged that the claims allowed against said estate amount to $944.88; claims yet to be allowed, $143.65; costs due and to accrue, including the executor's compensation, $2000; taxes, $124,—making a total liability, not including the legacy to Mary M. Haynes, of $3212.53; that the total personal assets received by the executor amounted to $20,093.37, which leaves a deficiency of the personal estate to pay the debts, costs of administration and the legacy to Mary M. Haynes of $3119.16. The bill further alleges that at the death of the said Josiah McDonald he was the owner of three-fifths of thirty-three acres off the east side of the east half of the north-east quarter of section 2, township 5, north, range 2, west of the fourth principal meridian, in McDonough county, Illinois, and the south half of the east half of the south-west quarter of the south-west quarter of section 16, township 4, north, range 1, east of the fourth principal meridian, in Fulton county, Illinois, containing ten acres, and that said lands were not disposed

of by the said Josiah McDonald by his will; that the fair market value of the intestate land is $3000 and the fair market value of the testate land is $100,000.

It appears from the allegations of the bill that the testator and his wife owned the east half of the north-east quarter of section 2 as tenants in common, the testator owning three-fifths and his wife two-fifths. By his will the testator devised forty-seven acres off the west side of the eighty to one of his sons for life, with remainder to his children. This was substantially three-fifths of the eighty, and it is claimed the widow having accepted the provisions of the will, she thereby elected to take the thirty-three acres off the east side of the eighty as her sole property and the forty-seven acres went to the devisee disencumbered of any interest in the widow. It is this controversy over the title to the thirty-three acres that is claimed to involve a freehold and give this court jurisdiction. This question was raised as one of the special causes of a demurrer filed by defendants in error. Other special grounds of demurrer were, that the plaintiff in error had no such interest in the premises as entitled him to maintain his bill, and that the legacy to Mary M. Haynes was not by the will made a charge against the real estate, either testate or intestate. The bill prays for a decree authorizing and directing the executor to sell the intestate lands and so much of the testate real estate as may be necessary to pay the liabilities of the estate, including the payment of the $20,000 legacy, in full, to Mary M. Haynes. The demurrers were sustained and a decree entered dismissing the bill. The executor has brought the case to this court for review by writ of error.

The plaintiff in error contends that the tenth clause of the will, directing the payment of the legacy in due course of administration of the estate, requires the legacy to be treated as if it were a claim against the estate, and made the real estate liable for its payment if the personal assets were insufficient; also, that the twelfth clause of the will,

authorizing the persons named as executors to do everything necessary to carry out the provisions of the will and close up the estate, shows an intention to make the real estate liable for the legacy. It is also contended by plaintiff in error that the intestate real estate is liable, if the other real estate is not, for the payment of the legacy. While there is no residuary clause in the will, plaintiff in error argues that the omission to dispose of all the testator's real estate by his will requires the intestate lands to be treated the same as if there had been a residuary clause in the will giving whatever remained of the testator's estate to his heirs, and that under such a residuary clause the legacy would be a charge upon the residuary estate, real and personal.

Legacies are not charges against the real estate of the testator unless they are made so by the will. They are charges against the personal estate, and if the personal estate is insufficient to pay the legacies they must abate, unless the will charges the real estate with their payment. The intention of the testator to charge his real estate with the payment of legacies may be evidenced by express words or it may be implied from a consideration of the whole will. (*Heslop* v. *Gatton,* 71 Ill. 528; *Reid* v. *Corrigan,* 143 id. 402; *Simonsen* v. *Hutchinson,* 231 id. 508; *Williams* v. *Williams,* 189 id. 500.) The legacy to Mary M. Haynes is not charged against the real estate in express words, and we find no language in the will from which any such intention of the testator can reasonably be implied. The direction that the legacy be paid "in due course of administration of my estate" refers to the time of its payment and does not make it a charge against the real estate. There is no such ambiguity in the language of the will as would justify the consideration of extrinsic circumstances, as contended for by the plaintiff in error, in determining the intention of the testator.

In *Heslop* v. *Gatton, supra,* the testatrix gave each of her two daughters one dollar, a sister $1000 for life, and a grand-daughter all the personal property, except a horse, buggy and harness. The testatrix owned real estate worth $1000, and at the time of the execution of the will she had about $300 in money. She made no devise of the real estate to anyone. It was sought to subject the real estate to the payment of a remainder due on the legacy to the sister, but it was held the legacy was not expressly charged by the will against the real estate and that no such intention could be fairly and satisfactorily inferred from the language used.

In *Wentworth* v. *Read,* 166 Ill. 139, the testator gave his wife all his estate, real and personal, during her life. He then gave specific legacies to other persons, amounting, in the aggregate, to $12,000. There was no residuary clause in the will and no devise was made of the fee in the testator's real estate. He owned but little personal property, and it was sought to construe the will making the legacies a charge against the real estate and authorizing its sale for their satisfaction. The court said: "It is not claimed that the will, upon its face, either expressly or impliedly provides for such lien or charge, but it is insisted that the will should be read in the light of extrinsic facts and circumstances which existed when it was made and when it took effect and which were well known to the testator, and that when so read and considered the implication arises that the testator intended to charge these legacies upon his real estate. It is, however, well settled that the intention of the testator must be determined by the will itself, and not from evidence *aliunde.* There is no latent ambiguity in the will requiring parol evidence to explain, and where the intention to make the legacies a charge upon the real estate is not expressed in the will or cannot be implied from the language used, we know of no rule of law which would authorize us to go outside of the will to look for proof of such intention."

Numerous cases hold that where there is a residuary clause in the will devising the remainder of the testator's estate, unless a contrary intention appears this will be construed to mean the residuum of the estate, real and personal, after the payment of legacies. The cases above mentioned, and others that might be cited, hold that where there is no latent ambiguity in the will, extrinsic circumstances are not admissible to show the intention of the testator to be different from that appearing from the language of the will.

Plaintiff in error cites some cases from other jurisdictions in which it has been held that where a testator had no personal property at the time of making his will, or where he so disposed of it that it could not be made available for the payment of legacies, it will be presumed he intended to charge the legacies upon his real estate. This rule, however, has not been adopted in this State. (*Wentworth* v. *Read, supra; Heslop* v. *Gatton, supra.*) But the rule where it has been adopted has not been applied in cases where, at the time of the execution of the will, the testator had personal property, although it was subsequently lost or disposed of. It appears from the bill in this case the testator left personal estate worth $20,000.

It is conceded the testator was the owner in fee simple of the ten acres of land above described which were not devised by the will. We do not consider it necessary to determine the controversy as to the title to the thirty-three acres, which were also not disposed of by the will, for if both tracts were the undisputed property of the testator they were not chargeable by the will with the payment of the legacy, but would descend to the heirs of the testator, under the laws of descent, as intestate property.

The decree of the circuit court is affirmed.

*Decree affirmed.*