### Hedwig Anna Schulze, Appellant, v. Anna Matschke et al., Appellees.

### Gen. No. 19,777.

WILLS, § 478*—*when construed to charge legacies on certain realty.* Language of a will *held* to disclose the intention of the testatrix to charge pecuniary legacies in favor of her grandchild upon real estate devised to children of testatrix.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded with directions. Opinion filed January 25, 1915.

ARTHUR SCHROEDER, for appellant.

AUGUST MARX, AUGUST R. MARX, CHARLES L. BARTLETT and SHERMAN C. SPITZER, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.
This is an appeal by Hedwig Anna Schulze from a decree sustaining the demurrers of the defendants to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

her bill of complaint as amended and dismissing the bill for want of equity.

The bill alleged that complainant was the only child of Emma Schulze, deceased, who was the daughter of Anna Zipp, who died January 31, 1901, leaving the following will:

"I, Anna Zipp, of the City of Chicago, Cook County and State of Illinois, being of sound mind and memory, do make, publish and declare this to be my last will and testament, hereby revoking all former wills.

"1st. I direct that my funeral expenses and just debts be paid.

"2d. I give, devise and bequeath to my beloved husband, John P. Zipp, all my personal property and household effects absolutely and forever.

"3d. I give, devise and bequeath to my beloved husband, John P. Zipp, all my real estate situated in the Village of Glencoe, Cook County, Illinois, absolutely and forever in fee simple.

"4th. I give, devise and bequeath to my beloved children, John P. Zipp, Jr., and Anna Matschke, the real estate known as Nos. 233, 235 and 237 Clybourn avenue, Chicago, Cook County and State of Illinois, in fee simple, provided, however, that my beloved husband, John P. Zipp, shall have the use, benefit, income and enjoyment thereof of said last mentioned real estate for and during his natural life. He to pay all taxes, assessments and improvements on said property.

"5th. I request that my children, John P. Zipp, Jr., and Anna Matschke, after the death of my husband, John P. Zipp, pay to my grandchild, Hedwig Anna Schulze, the sum of $1,000 each, provided my grandchild, Hedwig Anna Schulze, is then living. In case of her death all obligations to pay to her the sum herein named shall terminate, and, further, that said sum shall not be paid to her until she is eighteen years of age. And in case she should die before she arrives at the age of eighteen years, said sum of $2,000 to fall back to John P. Zipp, Jr., and Anna Matschke, my said children, in equal shares. I hereby devise and bequeath all the rest, remainder and residue of my real

estate, personal and mixed, to my beloved husband, John P. Zipp, and I hereby nominate and appoint my beloved husband executor of this will without security.''

That John P. Zipp, Sr., died in 1906, intestate, leaving his children, Anna Matschke, John P. Zipp, Jr., and complainant, his grandchild, his only heirs at law.

That John P. Zipp, Jr., died in 1909, leaving Elizabeth P. Zipp, his daughter, his only heir at law.

The said Anna Zipp at the time of making her will and at the time of her death had no personal property and had only the real estate in the village of Glencoe and the premises Nos. 233, 235, 237 Clybourne avenue, mentioned in her will.

That the Clybourn avenue property is owned by Anna Matschke and Elizabeth P. Zipp, subject to certain liens, which it is unnecessary to state, and that the same is reasonably worth $14,000.

The only question presented is whether an intent on the part of the testator to charge the legacies given by the will to complainant on the real estate devised to testator's children, John P. Zipp, Jr. and Anna Matschke, can be inferred under the facts and circumstances stated in the bill as amended.

It is further alleged in the bill that complainant has arrived at the age of eighteen, and that defendants Anna Matschke and Elizabeth Zipp have each failed and refused to pay her the sum of $1,000. The prayer of the bill is that Anna Matschke and Elizabeth Zipp may be each decreed to pay complainant $1,000; that she may be decreed to have a lien on their said real estate therefor; and that in default of payment the same may be sold, etc.

The court sustained the demurrers of defendants to the bill as amended and dismissed the same for want of equity, and from such decree the complainant prosecutes this appeal.

That it was the intention of Anna Zipp to give appellant $2,000 if she arrived at the age of eighteen is clearly expressed.

"It is an elementary rule in the construction of wills, that effect must be given to that intention, if it can be done, consistently with the rules of law. In other words, this bequest must not be allowed to abate, unless it shall be found that, by no fair interpretation of the entire testamentary devise, can it be ascertained from what part of his estate the testator intended it should be paid, therefore, the only question here presented for decision is, can it be charged upon the real estate devised to appellees by the fourth or residuary clause? In determining that question it becomes important to ascertain, first, whether by the terms of the preceding clauses it can, consistently with the intention of said testator, be paid out of any other part of his estate." *Reid v. Corrigan,* 143 Ill. 402.

That it was not her intention to charge the real estate devised to her husband is clear, and we think it is also clear that she did not intend that the legacies should be paid out of her personal estate, for she bequeathed all her personal estate to her husband. *Reid v. Corrigan, supra,* p. 406.

One of two things must therefore follow: Either the legacies must abate and to that extent the will of the testator be defeated, or they must be paid out of the real estate devised to Anna Matschke and John P. Zipp, Jr., the father of Elizabeth P. Zipp. The clause of the will which provides that in case complainant shall die, "before she arrives at the age of eighteen years said sum of $2,000 to fall back to John P. Zipp, Jr. and Anna Matschke, my said children, in equal shares," we think tends to show that the testator intended to charge the legacies on the real estate devised to Anna Matschke and John P. Zipp, Jr.

On a careful consideration of this case we are of the opinion that the testator intended these legacies to be paid out of the estate devised to Anna Matschke

and John P. Zipp, Jr. A similar conclusion was reached by the Supreme Court in *Reid v. Corrigan, supra,* and we think the language of the will in this case more clearly discloses such intention than does the will in that case. In that case it was said that the conclusion reached, "in no way conflicts with the rule of law announced in *Heslop v. Gatton, Ex'r,* 71 Ill. 528." The cases of *Wentworth v. Read,* 166 Ill. 139, and *Haynes v. McDonald,* 252 Ill. 236, only reannounce the rule stated in *Heslop v. Gatton.*

The decree of the Superior Court is reversed and the cause remanded with directions to overrule the demurrer to the bill as amended.

*Reversed and remanded with directions.*