was not obtained. It follows that the parties not having otherwise agreed in writing, the provisions of the application control, and the policy began to take effect on December 18, 1914, which would bring the termination of the first year of insurance at a time prior to the date of the suicide of the insured, and hence render inoperative the provision of the policy relating to such a contingency.

We hold that the judgment is right and it is affirmed.

*Affirmed.*

---

**Fred Schmidt et al., Appellants, v. Edward Schmidt, Executor, Appellee.**

**Gen. No. 24,023.  (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed June 10, 1918.

### Statement of the Case.

Bill for partition by Fred Schmidt and others, complainants, against Edward Schmidt, individually and as executor of the estate of Herman Schmidt, deceased, defendant. From a decree determining that a bequest for $6,000 to defendant was a charge upon the realty, complainants appeal.

See also, *Schmidt v. Schmidt*, 277 Ill. 191, and 209 Ill. App. 146.

ISIDOR PLOTKE, for appellants.

FELIX J. GRIFFEN, for appellee; ALONZO M. GRIFFEN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. WILLS, § 476*—*when legacies are charges on realty.* As a general rule, legacies are not charges upon realty unless expressly or impliedly made so by the terms of the will.

2. WILLS, § 476*—*when intention that legacy be charge on realty will prevail.* If it was the intention of the testator that a legacy should be a charge upon the realty, that intention will prevail, although it is not shown in express words, since it may be implied from the whole will taken together.

3. WILLS, § 478*—*when legacy is charge on realty.* A pecuniary legacy *held* a charge upon the realty where the will contained a general residuary clause covering all of the remainder of the testator's property.

Mattie S. Hunt, Defendant in Error, v. Thomas M. Hunt, Plaintiff in Error.

Gen. No. 24,042.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded with directions. Opinion filed June 10, 1918.

## Statement of the Case.

Bill for divorce by Mattie S. Hunt, complainant, against Thomas M. Hunt, defendant. From a decree for complainant, defendant brings error.

ADLER, LEDERER & BECK, for plaintiff in error.

No appearance for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.