Jesse Heylin, Trustee in Bankruptcy of Clara K. Woods, Bankrupt, Appellant, v. Clara K. Woods et al., Appellees.

Gen. No. 8,502.

Opinion filed April 14, 1931.

IRA J. COVEY and EDWIN L. COVEY, for appellant.

HOBART S. BOYD, GLENN RATCLIFF and E. L. WEBER, for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

The only question in this case is whether a legacy given to George Palmerton, one of the appellees, under the will of John C. Hoxworth, deceased, has abated. The facts necessary to a proper understanding of the question are few and not complicated.

John C. Hoxworth, a resident of Rapatee, Knox county, Illinois, made his last will on the 8th day of January, 1913, by the first paragraph of which he directed his executrix to pay his debts and funeral expenses. By the second paragraph he gave to his wife, Alice Hoxworth, all the personal and real estate that he possessed at the time of his death, to have and to

hold during her natural life. By the third paragraph he provided:

"At the death of my wife, I give to my nephew, George Palmerton, One Thousand Dollars ($1,000.00), and the balance of my estate, both personal and real, I give to my two daughters, Mrs. Letha Bourne and Mrs. Clara Woods, both to share and share alike."

Hoxworth died October 27, 1926, leaving a small amount of personal property, and a farm containing 217½ acres, consisting of 200 acres in Knox county and 17½ acres in Fulton county, Illinois. The will was probated in Knox county and Clara K. Woods appointed administratrix, with the will annexed, the executrix Letha Bourne having declined to act.

One hundred sixty acres of the land in Knox county was subject to a mortgage to the appellee Aetna Life Insurance Company of Hartford, Connecticut, for the sum of $15,000, dated May 1, 1923, due March 1, 1933, no part of which had been paid and which was a first lien on said premises.

Clara K. Woods, one of the daughters of John C. Hoxworth and one of the residuary legatees, was adjudged a bankrupt by the United States District Court for the Southern District of Illinois, Northern Division, and the appellant, Jesse Heylin, was appointed trustee in bankruptcy for her. At the May term, 1928, Heylin, as such trustee in bankruptcy, filed a bill in chancery in the circuit court of Fulton county for the partition of the 217½ acres aforesaid, located in Knox and Fulton counties. All of the appellees herein were made parties defendant to this bill. After the defendants had answered the cause was referred to the master, who reported, recommending partition of the real estate. The court approved the master's report and appointed commissioners. The commissioners reported that the property was not susceptible of division and fixed its value at $7,400, subject to the mortgage of $15,000 to the Life Insurance Company and

subject to the widow's life estate. The court approved the commissioners' report and ordered the master to make sale. The master sold the property subject to said mortgage and life estate for $9,400. The sale was approved by the court and the cause re-referred to the master to take the evidence of the parties and report his conclusions of law and fact as to whether the appellee George Palmerton, as a legatee, under the terms of the will of John C. Hoxworth, deceased, was entitled to receive any portion of the proceeds of the sale.

The master reported: "That the personal estate of John C. Hoxworth, deceased, is insufficient to pay the debts and claims against his estate, together with the necessary costs of administration."

The master also reported: "That taking into consideration the entire will, the said third paragraph of said will should be considered and construed as follows: That the said George Palmerton is entitled to the sum of one thousand dollars ($1,000.00), being the amount of his legacy, and that said legacy should not abate, and that the same is a charge against the real estate involved in this proceeding, and that the phrase: 'And the balance of my estate, both personal and real, I give to my daughters, Mrs. Letha Bourne and Mrs. Clara Woods, both to share and share alike,' amounts to a residuary clause in said will."

The master also recommended that a decree be entered "allowing the appellee George Palmerton the legacy expressly given to him in the third clause of said will."

The appellant filed objections to the master's report. The master overruled these objections and filed his report. The appellant then excepted to the master's report, which exceptions are in substance the same as said objections. The cause was heard before the court on these exceptions. The court found "that the personal estate left by the said John C. Hoxworth,

deceased, is insufficient to pay the debts and claims against his estate, together with the necessary costs of administration thereof; that there is no evidence in this case showing the amount or value of the personal estate owned by the testator, John C. Hoxworth, at the time he made and executed his last will and testament, on the 8th day of January, 1913, a copy of which said will is set forth in said master's report, nor is there any evidence as to the amount of debts owed by said Hoxworth, if any, at said time."

The court then overruled the exceptions and approved the master's report and decreed that the master should make distribution of the proceeds of the sale of real estate, as follows:

"To the complainant, Jesse Heylin, Trustee, etc., for his reasonable solicitor's fees incurred herein, the sum of .............. $1,049.90

To the complainant herein for the fees and expenses of the commissioners, heretofore appointed herein, the sum of ........... 26.00

To the master in chancery of this court, for his services and expenses herein, the sum of .................................... 57.20

To the defendant, George Palmerton, for his legacy, as aforesaid, the sum of ........ 1,000.00

Total ............................. $2,133.10

The balance of the fund remaining in the hands of said master in chancery, after making distribution as aforesaid, shall be paid out by said master in chancery, as follows, to-wit:

To the complainant, Jesse Heylin, trustee in bankruptcy of Clara K. Woods, bankrupt, one-half (½) of the balance of said fund;

To the defendant, Mrs. Letha Bourne, one-half (½) of the balance of said fund."

The appellant has brought the record of the cause to this court, by appeal, for review.

We have examined *Jenne v. Jenne,* 271 Ill. 526, and *Alderman v. Dystrup,* 293 Ill. 504, cited by appellant. The rule laid down in those cases from the facts cited would not warrant a reversal of the decree of the lower court in this case. The general rule is well settled that where a testator, after bequeathing pecuniary legacies, gives the residue and remainder of his real and personal estate (or uses similar words indicative of a gift of a mixed residue) the legacies are a charge on or are payable out of the residuary real estate, and, in case of a deficiency of personalty, must be paid out of the realty otherwise passing under the residuary clause. (*Simonsen v. Hutchinson,* 231 Ill. 508; *Williams v. Williams,* 189 Ill. 500; *Stickel v. Crane,* 189 Ill. 211; *Schmidt v. Schmidt,* 211 Ill. App. 409; *Prettyman v. Marcy,* 205 Ill. App. 222, and *Rinehart v. Rinehart,* 42 A. L. R. 649, 656.)

This case from a reading of the will plainly comes under the rule laid down in *Simonsen v. Hutchinson, supra,* and the decree of the circuit court of Fulton county is affirmed.

*Affirmed.*