In re Estate of Hannah Schwartz, Deceased, Appellee. Appeal of B'Nai Zion Talmud Torah et al., Appellants.

**Gen. No. 37,396.**

Opinion filed June 11, 1934.

SHULMAN, SHULMAN & ABRAMS and LOUIS JAFFIE, for appellants; MEYER ABRAMS, of counsel.

MILTON H. WEISS, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

In the last will and testament of Hannah Schwartz three institutions or societies, hereafter called defendants, were given money legacies and her estate was probated in the probate court of this county. The defendants filed a petition requesting the probate court to order the executrix to file a petition to sell real estate belonging to the estate, and to pay debts and the legacies; and the court thereupon ordered the executrix to file her petition to sell the real estate. From this order the executrix appealed to the circuit court, which reversed the order of the probate court, and the defendants appeal to this court.

Defendants in their brief question the appealability of the order entered in the probate court and the jurisdiction of the circuit court. These points seemingly find support in *McCollister v. Greene County Nat. Bank,* 171 Ill. 608; *Swayer v. Wiemers,* 182 Ill. App. 651; *In re Estate of Duffield,* 258 Ill. App. 78. However, we prefer to pass upon the merits of the issue presented in the circuit court, as both parties stipulated as to that issue and have requested this court to pass upon the same.

The circuit court was of the opinion that the will did not make the legacies a charge upon the real estate and that as there was no personal property in the estate 'with which to pay these legacies, they had lapsed.

The rule touching the question at issue is stated in *Heslop v. Gatton,* 71 Ill. 528:

"It seems to be the settled rule, that when a person dies, leaving a will, and personal and real property, his debts and pecuniary legacies bequeathed by the will are to be paid from his personal property; and in case of a deficiency of personal property the legacies must abate, unless he charges his real estate with their payment. The charge upon the real estate may be made by the testator, either by express directions to that effect contained in the will, or the intention thus to charge it may be implied from the whole will, taken together."

Does the language of the instant will show an intention on the part of the testatrix that in case of deficiency of the personal property to pay legacies they should be charged against the real estate? The will is in substance as follows. After directing that the debts and funeral expenses be paid, there is a bequest to each of the three named defendants; the fifth clause reads:

"I give, devise and bequeath unto my dear Shirley Schwartz Abedor, wife of Louis T. Abedor, all the rest, residue and remainder of my estate of every kind, nature and sort whatsoever, real, personal or mixed, legal or equitable and wheresoever situated which I may own, possess, hold, be seized of or entitled to at the time of my death, together with the income, rents, profits, interest and incurrment thereof or which may arise or accrue therefrom including therein any and all property in connection with which I may have the power of appointment."

In *Williams v. Williams,* 189 Ill. 500, the court said: "It is a general rule well established by both English and American decisions that, if legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a charge upon the residuary real as well as personal estate. (13 Am. & Eng. Ency. of Law, 1st ed., p. 117.)" In that case the will, after giving specific legacies, provided that "the rest, residue and remainder of my estate" shall be given in one mass to the sons and daughters. It was there held that the legacies must be a charge on the residuary real estate. Similar language in the will involved in *Heylin v. Woods,* 261 Ill. App. 429, was construed to make the legacies a charge on the real estate. In *Simonsen v. Hutchinson,* 231 Ill. 508, the testatrix left certain legacies, and "all the rest and residue of my estate that shall remain after the satisfaction of the above legacies . . . I give, devise and bequeath" to certain relatives. It was held that this language clearly manifested an intention of the testatrix to charge the real estate with the payment of the legacies.

The executrix cites *Wentworth v. Read,* 166 Ill. 139, and *Haynes v. McDonald,* 252 Ill. 236, as holding to the contrary; but in these cases there was no residuary clause in the will from which it could be inferred that the residuum of the estate, after paying the legacies, was devised or bequeathed in a particular way.

Although it is the prevailing rule that where pecuniary legacies are given generally and there is a gift of the residue of the real and personal estate, the whole being blended in one mass, the legacies are a charge on the residuary estate both real and personal, yet this is not an inflexible rule. The question always is, What did the testator intend? And this is to be determined not only from the language of the will, but in the light of the testator's surroundings and circum-

stances and the state and condition of his family and property at the time the will was executed. *Alderman v. Dystrup*, 293 Ill. 504; *Jenne v. Jenne*, 271 Ill. 526; *Stokes v. Johnson*, 352 Ill. 371.

The circumstances involved in these cases are different from those now before us. In the first of these it was shown that at the time the will was executed the testator owned personal property of a value much greater than would be required to pay debts, costs and pecuniary legacies. In the second case the language of the will limited payment of the legacies to the personal property; and in the last case the legacies were specifically charged upon the personal property, none of the lands involved passing by the residuary clause of the will.

In the instant case the inventory shows no personal property in the estate out of which to pay legacies. The case calls for the application of the general rule making the legacies a charge on the real estate.

The circuit court was in error in holding that the legacies were not a charge on the real estate, and we hold that the order of the probate court requiring the executrix to file a petition to sell the real estate was proper.

The order of the circuit court is reversed.

*Reversed.*

MATCHETT, P. J., and O'CONNOR, J., concur.