John Kurzawski et al., Appellees, v. Henry Kurzawski et al., Defendants.  Frank Piontowski, Appellant.

**Gen. No. 38,995.**

Opinion filed January 4, 1937.

LOESCH, SCOFIELD, LOESCH & BURKE, of Chicago, for appellant.

EWART HARRIS, of Chicago, for appellees; PAUL V. PALLASCH, of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs, who are six of the seven legatees under the last will and testament of John Kurzawski, deceased, filed their complaint in chancery in the superior court of Cook county against the executor of the last will and testament of John Kurzawski, deceased, and others, including the other legatee, to compel the

sale of real estate belonging to the estate of the deceased to pay legacies.

Frank Piontowski, who will be hereinafter referred to as the defendant, filed his answer admitting substantially all of the allegations of the complaint, but contended that the superior court was without jurisdiction, the exclusive jurisdiction being in the probate court of Cook county. The matter was referred to a master in chancery who took the evidence, made up his report, and recommended that a decree be entered in accordance with the prayer of the complaint. A decree was accordingly entered and defendant appeals.

Counsel for defendant in their brief say, "The sole question presented to this court is the question of the jurisdiction of the Superior Court to order a sale of real estate to pay legacies." And they contend that the exclusive jurisdiction was in the probate court of Cook county. In support of the contention, counsel cite section 20, article 6, Ill. Constitution of 1870; pars. 331 and 335, ch. 37; par. 139, ch. 3, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 110.151, 110.157, 110.139; (Smith-Hurd Ill. Stats. 1935, pars. 229 and 303, ch. 37; par. 139, ch. 3); *People v. Marshall,* 262 Ill. App. 128; *People v. Abbott,* 274 Ill. 380; *People v. Elgin P. Ass'n,* 359 Ill. 379; *Estate of Hannah Schwartz,* 275 Ill. App. 374.

Sec. 20, article 6, of the Constitution of 1870 authorized the general assembly to create probate courts in certain counties and that such courts "when established, shall have original jurisdiction of all probate matters, the settlement of estates of deceased persons, the appointment of guardians and conservators, and settlement of their accounts; and all matters relating to apprentices, and in cases of the sales of real estate of deceased persons for the payment of debts."

By par. 331, ch. 37, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 110.151, the Legislature established a

probate court in each county of the State having a certain population, and by par. 335, of ch. 37, of the same statute it was provided that ''Probate courts shall have original jurisdiction in all matters of probate, the settlement of estates of deceased persons, . . . and in cases of the sales of real estate of deceased persons for the payment of debts.''

By par. 139 of ch. 3, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 110.139, it is provided that ''Where it appears that a legacy provided by the will of a decedent is a charge express or implied upon the real estate of decedent, and there is not sufficient personal estate of said decedent out of which such legacy can properly be satisfied, or such legacy is not otherwise paid, satisfied or lapsed, then the county or probate court of the county where letters testamentary or of administration with the will annexed were issued, may upon the filing of a petition therefor by the executor or administrator, order the sale of real estate upon which such legacy is a charge, or so much of said real estate as may be necessary to satisfy such legacy, together with the costs and expenses of such proceeding. The mode of commencing such proceedings shall be by the filing of a petition by the executor or administrator . . . in the county or probate court. . . . The practice and procedure in such cases shall be the same, as near as may be, as the practice and procedure in proceedings for the sale of real estate by executors and administrators to pay the debts of decedents. The proceeds of the sale of the real estate, after the payment of legacies which are a charge and lien thereon, and the costs and expenses of such proceedings, shall be paid over to the devisees, heirs at law, or other persons thereunto entitled as their interest therein may appear.''

It seems to be conceded that the legacies in the instant case are a charge upon the real estate. Coun-

sel for defendant contend that par. 139, above quoted, provides that ''The mode of commencing such proceedings shall be by the filing of a petition'' and that the word ''shall'' should be construed to be mandatory and not permissive. We think this contention cannot be sustained. The paragraph provides that when it is sought to sell real estate in the probate court to pay legacies which are a charge on real estate, the executor or administrator, with the will annexed, shall file a petition for this purpose. Obviously this fact does in no way throw any light on the question whether a court of chancery, which is a court of unlimited jurisdiction in all cases of law and equity, has jurisdiction. That provision merely provides the method to be followed in the probate court.

In *Estate of Schwartz,* above cited (275 Ill. App. 374), a petition was filed in the probate court of Cook county, requesting that court to order the executrix to file a petition to sell real estate belonging to the estate to pay debts and legacies. The probate court entered an order in accordance with the prayer of the petition but this order was reversed on appeal by the circuit court of Cook county. A further appeal was prosecuted to this court, where the decree of the circuit court was reversed and the only question in controversy was whether the legacies were a charge upon the real estate involved. The question now under consideration was in no way involved or considered.

Sec. 12 of article 6 of the Constitution of 1870 provides: ''The circuit courts shall have original jurisdiction of all causes in law and equity.'' Sec. 23 of the same article provides: ''The county of Cook shall be one judicial circuit. The circuit court of Cook county shall consist of five judges, . . . The superior court of Chicago shall be continued, and called the superior court of Cook county.'' Section 24 of the

same article provides: "Any judge of either of said courts (circuit or superior court of Cook county) shall have all the powers of a circuit judge." The circuit and superior courts of Cook county are identical except in name. *Cobe v. Guyer,* 237 Ill. 516. The superior court of Cook county has the same jurisdiction as the circuit court of Cook county and its constitutional jurisdiction cannot be taken away by statute but at most "only gives to the court named in the statute concurrent jurisdiction." *Spencer v. Means,* 231 Ill. App. 359. And in *Stephens v. Chicago, B. & Q. R. Co.,* 303 Ill. 49, the court said (p. 51): "The constitution confers upon the circuit court jurisdiction of all causes in equity, and the legislature is without power to deprive it of any part of this jurisdiction." In *Frackelton v. Masters,* 249 Ill. 30, a petition was filed in the circuit court of Menard county for the appointment of a trustee to sell real estate in accordance with the provisions of the will of the deceased. The court there said (p. 34): "It is finally contended that the circuit court, sitting as a court of chancery, was without jurisdiction to appoint a trustee to make sale of said real estate, as the exclusive jurisdiction was vested in the county court of Menard county to appoint such trustee, where the estate of Squire D. Masters was in the course of administration. The circuit courts of this State are given original jurisdiction 'of all causes in law and equity,' and those courts have heretofore in many cases appointed trustees to sell real estate. . . . That the circuit courts of this State have jurisdiction, in proper cases, to make such appointment there can be no question." The court then referred to an act of the legislature, passed in 1909, which confers upon county courts power to supervise and control all testamentary trusts created by original wills, and continuing said, "Appellants contend that the foregoing act of the legislature is a constitutional

and valid act, and that, properly construed, it confers exclusive jurisdiction on the county and probate courts of the State to administer testamentary trusts, and that by reason of said act the circuit court of Menard county was without jurisdiction to appoint a trustee and order a sale of the trust estate in accordance with the provisions of the will. Section 12 of article 6 of the Constitution of 1870 provides that circuit courts shall have original jurisdiction of all causes in law and equity. . . . Even if the act in question be valid, it could not be held to deprive the circuit courts of their original jurisdiction under the constitution." And continuing the court said (p. 36): "In *Meyers v. People,* 67 Ill. 503, this court held that under said clause of the constitution the legislature had the power to confer upon county courts concurrent jurisdiction with circuit courts in all matters, but it has never been held that extending the jurisdiction of the county courts under said section deprives the circuit court of its original constitutional jurisdiction. The Act of 1909, if valid, would only have the effect of extending the jurisdiction in relation to testamentary trusts to county and probate courts concurrently with the circuit courts. In no event can appellants' contention be sustained on the theory that the jurisdiction of the county and probate courts is exclusive."

In the instant case, the constitution gives original jurisdiction to the circuit courts and to the superior court of Cook county "of all causes of law and equity." And this power cannot be limited by the legislature. The superior court of Cook county had jurisdiction, and the decree is affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.