In re Estate of Albert Marti, Deceased.
Sarah Spiess and Albert Marti, Appellants, v. Helen
Marti, In Her Own Right and as Executrix of
the Last Will and Testament of Albert Marti, Deceased, Appellee.

Gen. No. 9,689.

Heard in this court at the May term, 1941. Judgment affirmed. Opinion filed July 9, 1941.

SAVAGE, HOLBROOK & McKEOWN, of Joliet, for appellants.

Irving Shutts, of Joliet, for appellee.

Mr. Justice Huffman delivered the opinion of the court.

Albert Marti lived in the county of Will. He was twice married. He had four children by his first marriage, namely; Sarah Marti, now Sarah Spiess, Bertha Marti, now Bertha Aspel, Daniel and Albert Marti. By his second marriage, he had four sons, namely; Louis, Nicholas, George and Tina Marti.

On May 16, 1923, he executed his will, which contained two paragraphs relative to the disposition of his estate. That part with which we are concerned is as follows:

"First: It is my Will that my funeral expenses and all just claims against my estate be first paid.

"Second: Subject to the foregoing, I hereby give, devise, and bequeath to my wife, Helen Marti, the use and income of all of my property, both real and personal as long as she may live.

Third: Subject to the foregoing I hereby give, devise, and bequeath to my four children, Louis Marti, Nicholas Marti, George Marti and Tina Marti, all my property and estate both real and personal to be taken by them in equal parts." The four children referred to in the third paragraph of the will are the four sons by his second marriage.

On May 4, 1929, the testator executed a codicil, making legacies with reference to the children of his first marriage. Those portions of the codicil with which we are concerned are as follows:

"Second: I give and bequeath unto my daughters, Sarah Spiess and Bertha Aspel, each the sum of Five Hundred Dollars.

"Third: I give and bequeath unto my sons, Daniel Marti and Albert G. Marti, each the sum of Fifty Dollars.

"In all other respects my said Will is to stand as originally drawn."

The testator died March 31, 1935. Letters testamentary were issued to Helen Marti, his second wife, who was made executrix by the terms of his will. There were insufficient funds in the personal estate to pay the legacies mentioned in the codicil. When the executrix filed her final report for the purpose of completing administration of the estate, appellants (two of the children by the first marriage, and legatees in the codicil) filed objections thereto, contending that the legacies so granted appellants were liens upon the real estate of the testator, and that the executrix should take the necessary steps to subject such land to sale to pay same.

The probate court sustained appellants' objections, found that the legacies under the codicil constituted liens upon the real estate, and ordered the executrix to proceed to sell the land to pay such legacies. She appealed from this judgment of the county court to the circuit court of Will county, where the objections of appellants were overruled and denied, and the final report of the executrix approved. Appellants (the objectors below) bring this appeal from the judgment of the circuit court.

Appellants base their right to subject the land to the payment of the legacies on the ground, that by the third paragraph of the will, the testator created a general residuary clause. They urge that the rule is recognized in most States, including Illinois, that if legacies are given generally, and the testator creates a general residuary clause wherein the residue of the real and personal estate is afterwards given in one mass, the legacies will be considered a charge on the residuary estate, including both real as well as personal property. In the absence of an expressed intention of the testator to the contrary, such rule does

prevail in this jurisdiction. *In re Estate of Schwartz,* 275 Ill. App. 374; *Williams v. Williams,* 189 Ill. 500.

The only question to be determined herein is whether the third paragraph of the testator's will shall be construed as creating a residuary clause such as to give application to the rule urged by appellants.

Real estate cannot be charged with payment of general legacies unless there is something in the language of the will which would authorize such charge. *Wentworth v. Read,* 166 Ill. 139. Proper application of the rule urged by appellants and the reason therefor, is illustrated in the cases of *Stickel v. Crane,* 189 Ill. 211, and *Simonsen v. Hutchinson,* 231 Ill. 508. It will be observed therefrom that there must be a devise of a residuary estate after prior gifts, which would mean a devise of what is left after satisfaction of such gifts, thus giving rise to the familiar expressions of "rest, residue and remainder," and other similar terms.

A residuary devise or bequest is one which embraces the testator's property not otherwise disposed of by his will. It covers the residue or remainder of the estate and necessarily presupposes prior legacies or devises to be first satisfied. A residuary devise or bequest is generally limited to the residue only, and a devise of the whole of an estate cannot be considered as a residuary devise. In the will before us, the testator, by the third paragraph, devised and bequeathed his entire estate to his four sons in equal parts. Another mark of distinction between a specific devise or bequest, and such by way of residue, is, that the first shows the testator intends the devisee or legatee shall have a thing certain, while by a residuary devise or bequest, the devisee or legatee shall have something which is uncertain or which cannot be described with certainty by the testator, as it is limited to that which will comprise the surplus of his estate.

Personal property is the primary fund out of which legacies must be paid. They are not a charge upon

real estate where there is no express language to such effect, and no residuary clause devising the residue and remainder of the testator's estate in such a manner as to give rise to the application of the rule urged by appellants. *Haynes v. McDonald,* 252 Ill. 236; *Jenne v. Jenne,* 271 Ill. 526; *Wentworth v. Read, supra.*

Here, the testator after providing for payment of funeral expenses and claims against his estate by the first paragraph of his will, gives to his wife the use and income of his estate for her life. She is given no power of disposal, nor is any part of the estate devised or bequeathed to her other than the use, and income therefrom. The testator by the third paragraph of his will, for the first time, makes a definite disposition of the corpus of his estate. Here, he devises and bequeathes his entire estate to his four children there named. We find no residuary clause in the will, nor do we find where the legacies set out in the codicil are made any charge against the real estate.

The judgment herein is affirmed.

*Judgment affirmed.*